No. 10,228.

LANGLEY v. YOUNG, ET AL.

Decided December 4, 1922.  Rehearing denied January 8, 1923.

Action to quiet title to a number of tracts of land.  Judgment for defendants except as to two tracts, title to which was quieted in plaintiff.

*Judgment Modified and Affirmed.*

1.  QUIETING TITLE—*Tax Deed—Interest on Taxes Paid.*  Where a party has judgment quieting title against, a tax deed, he cannot equitably deny the authority of defendant to recover the amount paid on taxes after the deed issued, together with interest thereon, the rate of which should be eight per cent per annum.

2.  ESTOPPEL—*Equitable, Defined.*  The doctrine of equitable estoppel discussed and held not applicable to the case under consideration.

3.  TAXES AND TAXATION—*Evidence—Payment by One Party for Another.*  A party may show that taxes paid in another's name, were in fact paid for him.

4.  ESTOPPEL—*When Applicable.*  Estoppel is not regarded with favor by the courts, and should be applied only when all the elements constituting it clearly appear.

5.  TAX DEED—*Color of Title—Good Faith.*  Where a tax deed is issued by the treasurer of a new county created from territory taken from other counties, the question of where the deed should issue is one of law which, although wrongly determined, does not impute bad faith on the part of the grantee who relies upon the deed as constituting color of title.

6.  *Color of Title—Defective Statute.*  A defect in a statute, under the provisions of which a tax deed is issued, would have no effect upon the question of color of title, if the deed were good on its face.

7.  *Property in Another County—Presumption.*  Where a tax deed was issued by a county treasurer after the lands deeded had been incorporated within the boundaries of a new county, whether or not the deed was issued by the proper official, was

a question of law, and it could not be presumed that the grantee of the deed acted with knowledge that he was getting no title, if such were the fact, nor that such a deed was void on its face.

*Error to the District Court of Washington County. Hon. H. E. Munson, Judge.*

Mr. WILLIAM A. HILL, Messrs. ALLEN & WEBSTER, for plaintiff in error.

Mr. JOHN F. MAIL, for defendants in error.

*En banc.*

MR. JUSTICE TELLER delivered the opinion of the court.

PLAINTIFF in error, claiming title to a number of tracts of vacant land through United States patents, brought suit to quiet his title thereto, making Kate Young, the predecessor in interest of defendants in error, defendant. She answered setting up title through tax deeds, under which, she alleged, she had paid the taxes for more than seven successive years. The court found for the defendants, except as to two tracts, to which title was quieted in plaintiff; he being required to pay taxes paid thereon by or for the original defendant, Kate Young.

Plaintiff brings the cause here on error. He contends: First, that the court erred in fixing the rate of interest to be paid by him on the taxes paid by Young on the lands awarded to plaintiff.

The court required plaintiff to repay the taxes paid by Young with interest at "the legal rate on the original sale for three years; then fifteen per cent per annum from the end of the three year period on the original sale to the date of judgment in these cases, and on all subsequent taxes paid by the defendant, the rate will be fifteen per cent per annum from March first of the year payable, to the date of the judgment."

Plaintiff in error complains only of the requirement that interest be paid after the issue of the deed. He calls attention to the fact that the statute makes no provision for interest after a deed has been issued.

In *Charlton v. Kelly,* 24 Colo. 273, 50 Pac. 1042, a suit to remove a cloud from plaintiff's title, this court held that although section 3905 Mills Ann. Stats. (Sec. 5734, R. S. 1908) applies to a case where the owner redeems without action, resort might be had to it in the case under consideration, to determine what plaintiff ought to pay on account of taxes, interest and penalties, as a condition of recovery. Clearly this is a recognition of the equitable rule that he who seeks equity must do equity.

This is a suit in equity, and the plaintiff cannot equitably deny that the defendants have a right to recover such sum as the defendant, for whom they are substituted, paid on taxes after deed issued, with legal interest thereon, such payment having been for plaintiff's benefit. The rate should be eight per cent instead of fifteen per cent on taxes paid after the deed to Young was issued.

It is next urged that the court erred in allowing evidence that payments of taxes by Lambert, on lands to which he as well as Young held tax deeds, were paid with Mrs. Young's money, by him as her agent. It is contended that since plaintiff, not being aware of the agency, might well have postponed his action, because it did not appear that anyone had paid taxes long enough to make action necessary to prevent the operation of the seven year statute of limitations, defendant is estopped to show the facts of agency, etc. This position cannot be maintained under the authorities.

In *Maxwell v. Bridge, Co.,* 41 Mich. 453, 2 N. W. 639, the court, by Judge Cooley, said:

"The doctrine of estoppel rests upon a party having directly or indirectly made assertions, promises or assurances upon which another has acted under such circumstances that he would be seriously prejudiced if the assertions were suffered to be disproved or the promises or assurances to be withdrawn. But as the doctrine when applied operates to take away legal rights, it is no more than common justice to require that the facts which are supposed to call for its application shall be unquestionable,

and the wrong which is to be prevented shall be undoubted."

In 21 C. J., p. 1120, it is said:

"It is an essential element of an equitable estoppel that the acts, representations, or silence relied on to create the estoppel must have been wilfully intended to lead the party setting up the estoppel to act upon them, or there must have been reasonable grounds to anticipate that he would change his position or in some way act on the faith of the conduct to his detriment."

The same rule is laid down by this court in *Griffith v. Wright,* 6 Colo. 248.

In *Standard Co. v. Arrott,* 135 Fed. 750, 68 C. C. A. 388, it is said:

"In the absence of expressly proved fraud, there can be no estoppel based upon acts or conduct of the party sought to be estopped, where such conduct is as consistent with honest purpose or with an absence of negligence, as with their opposites."

There is no evidence that plaintiff relied upon the matter now alleged to estop the defendants from showing the truth as to the payments by Lambert. We are asked to presume that suit would have been sooner begun but for the fact that on the records no one had paid taxes for the time required to give title. Under the case last above cited, we cannot so assume. No showing is made that the payments were thus made with intent to deceive, and it cannot be said that the application of the doctrine of estoppel is necessary to prevent a wrong to plaintiff. It is settled that a party may show that taxes paid in another's name were in fact paid for him. *Rawson v. Fox,* 65 Ill. 200.

In this case the agency is established by undisputed testimony, and the payments made by Lambert are entirely consistent with an honest purpose. It does not appear that either Young or the plaintiff knew that the records showed payments in the name of Lambert. We see no ground for applying the doctrine of estoppel. It is not regarded with

favor, and should be applied only when all the elements constituting an estoppel clearly appear.

Plaintiff in error further contends that these tax deeds, under the facts shown in evidence, do not give color of title under claim made in good faith. Implication of bad faith arises, as counsel state, from the fact that the sales upon which the deeds were issued were made, some in Arapahoe county, and some in Adams county; and that the deeds were issued by the treasurer of Washington county, that county having been created out of the other counties, and now including the lands within its boundaries.

Counsel state that it is common knowledge that transcripts of the record of sales were never filed in Washington county, and cites testimony of Lambert, grantee, to the effect that he was aware that the transcript had not been so filed. That the deed thus issued might be defective because of the matters stated, need not be questioned. But the fact that a layman received a tax deed from the treasurer of the county in which the land at the time lay, does not indicate bad faith. Where the deed should issue was a question of law, the determination of which, though wrong, does not, under the facts shown in this record, indicate bad faith.

It is also contended by plaintiff in error that section 5720, R. S. 1908, is unconstitutional as authorizing the taking of property without due process of law. The objection to the statute is that it authorizes an entire tract to be sold when the buyer bids less than the rate of interest allowed by law. The contention is that a deed issued under an unconstitutional statute does not give color of title. The authorities cited on this point are only to the effect that a deed void on its face gives no color of title. The defect in the statute, if there be one, would have no effect upon the question of color of title, if the deed were good on its face. In *Treece v. American Association,* 122 Fed. 598, 58 C. C. A. 266, the Circuit Court of Appeals of the Sixth Circuit held that a tax deed, based on a sale under a law which had in fact been repealed, was good as

evidence of title, where the seven-year statute of limitation was relied upon. There is nothing in this record to show that the deed was void on its face, and the presumption is that the court acted rightly in holding it to give color of title.

It is finally urged that the judgment should be reversed as to the northwest quarter of section 13, township 5 south, range 52 west, because the tax deed relied upon as giving color of title was issued by the treasurer of Arapahoe county after the county lines had been changed so that the land was situated in Washington county. Under the rule above stated, this question turns upon the determination whether or not the deed is void on its face. Elsewhere in the brief counsel for plaintiff in error contend that a deed could not be issued by the treasurer of Washington county because no transcript of the tax records of Arapahoe county had been lodged in that county. If that be true, and counsel's contention be accepted that because of the absence of the transcript the Washington county treasurer could not issue a deed, the treasurer of Arapahoe county would be the only one who could issue a deed. It cannot be said on this record that the grantee of the deed acted with knowledge that he was getting no title, nor can it be said that the deed is void on its face. In this uncertain state of the record, it must be presumed that the trial court's rulings were correct, and this point must be determined adversely to the plaintiff in error.

The judgment will be modified as to the rate of interest on taxes paid after the issue of the deed, and as thus modified is affirmed.