Nos. 10,436, 10,437, 10,438, 10,439, 10,440, 10,441, 10,442.

LANGLEY *v.* YOUNG, ET AL.

Decided March 3, 1924.

Proceedings to register land titles under the Torrens Land Act. Decrees for petitioner.

*Affirmed.*

1. DEEDS—*Tax Deeds—Color of Title.* The contention in the cases under consideration that treasurer's deeds under tax sales did not constitute color of title, overruled.

2. *Acknowledgments—Omission of Grantor's Name.* Acknowledgments to treasurer's deeds, being in substantial compliance with the statute, held sufficient, notwithstanding the treasurer's name was omitted therefrom.

3. *Amendment—Record.* Where the treasurer's name was omitted from the acknowledgment of tax deeds, and after they were recorded he inserted his name with a rubber stamp and the county clerk's record was changed accordingly, while such procedure is condemned, it is held not to have affected the validity of the deeds, nor to show claim of title made in bad faith on the part of the person causing the alterations to be made.

4.  APPEAL AND ERROR—*Striking Testimony.* There is no error in
    striking testimony from the record which has no bearing on
    the issues involved.

*Error to the District Court of Washington County, Hon.
H. E. Munson, Judge.*

Mr. CHARLES H. HAINES, for plaintiff in error.

Mr. JOHN F. MAIL, for defendants in error.

*En banc.*

MR. JUSTICE SHEAFOR delivered the opinion of the court.

THE defendant in error, Robert Young, for himself, and
as trustee for William Young, instituted this suit num-
bered 10,436 in this court, and six other suits numbered in
this court, respectively, 10,437, 10,438, 10,439, 10,440,
10,441, and 10,442, against plaintiff in error, to register
the title of Robert Young and of William Young, to various
tracts and parcels of land in Washington county, pursuant
to the statute, known as the Torrens Land Act. The cases
are all entitled the same and this opinion will dispose of all
of them. The parties will be designated here as in the
court below. The defendant appeared and contested the
right of petitioner to have his title registered. It was ad-
mitted that defendant had title, subject to such rights as
petitioner possessed by virtue of certain tax deeds, issued
to Kate Young, under whose will petitioner claims. The
lands in controversy were in Arapahoe county from some-
time prior to January 1, 1894, until November 4, 1902,
when the constitutional amendment, article 20, separated
them from that county, and included them in the county
of Adams. They remained a part of Adams county until
in April, 1903, when by legislative enactment, they were
taken from Adams county, and placed in Washington
county. In the years 1904 and 1905 treasurers' deeds were
issued, for a portion of the lands in question, to Kate
Young by Beeney, as treasurer of Washington county. In
1907 treasurers' deeds to the remainder of the lands in
question were issued to Kate Young by Loftiss as treasurer

of Washington county.  At the trial the foregoing deeds were introduced in evidence, by petitioner, as color of title. The court found that the tax deeds constituted color of title made in good faith; that petitioner for more than seven years prior to the commencement of the action paid the taxes each and every year, legally due thereon; that during all of said time the land remained vacant and unoccupied; that petitioner was the owner in fee of all the lands in controversy, and entered a decree accordingly.  Defendant Langley, prosecutes this writ.

Defendant's contentions are:  (1) That the treasurers' deeds did not constitute color of title.  (2) That petitioner and his predecessors in title had not paid taxes in good faith for seven successive years; and  (3) That the court erred in striking out the testimony of defendant Langley.

Defendant claims that the treasurers' deeds did not constitute color of title because:  (a) The revenue act under which they were issued is unconstitutional.  (b)  The Adams county records were not transcribed as required by the act of 1903, and that redemption was impossible. (c) That the acknowledgments of the Beeney and Loftiss deeds were defective in omitting the name of the treasurer from the acknowledgments.  (d) The Loftiss deeds as amended have never been recorded.

The matters suggested in subdivisions (a) and (b) have been decided by this court adversely to defendant's contention.  *Langley v. Young,* 72 Colo. 466, 211 Pac. 640.

As to the acknowledgments the only defect appearing therein was the omission of the name of the treasurer. Each of the acknowledgments specified that the treasurer appeared in person and acknowledged the execution of the deeds.  The acknowledgments were in substantial compliance with the statute and are sufficient.

As to subdivision (d) which applies only to the Loftiss deeds, defendant claims that sometime after the Loftiss deeds were recorded, one Lambert, as the agent of Kate Young, procured the treasurer to stamp his name, with a rubber stamp, in the certificate of acknowledgment

and then had the county clerk incorporate the treasurer's name, with the stamp, in the record of the deeds and that the deeds were not thereafter recorded. From this the defendant argues that, being unrecorded deeds, they are not color of title. With this view we do not agree. The changes made did not constitute a material alteration and did not add to, or take from, the legal effect of the deeds, nor affect their validity in any way whatsoever. Neither do we agree with the defendant that the alterations made show claim of title made in bad faith on the part of Lambert, if Lambert caused the alterations to be made, or that the alterations showed claim of title made in bad faith, which stopped the running of the statute in favor of the Loftiss deeds. Compiled Laws 1921, § 6423.

Moreover, it does not appear that anyone was injured or misled by the alterations. However, we do not wish to be understood as approving any act making a change, or alteration of the record of conveyances, as was done in this instance. Such actions are condemned.

Complaint is also made that the court erred in striking out the testimony of defendant Langley. We are of the opinion that the court did not err in that respect. Langley's evidence did not show bad faith on the part of Lambert, in making his claim and color of title, nor was it of such weight, or sufficiency as to have any legitimate bearing on the case, or on the question of good faith.

The judgment of the lower court was right, and finding no error in the record, the judgment is affirmed in all the cases.