No. 23573.

Kenneth E. Cline and Jean F. Cline *v.* City of Boulder, Colorado.

(450 P.2d 335)

Decided February 10, 1969. Rehearing denied March 3, 1969.

114

REYNOLDS, CONNELL & MORAN, LARRY W. MORAN, for plaintiffs in error.

WALTER L. WAGENHALS, City Attorney, for defendant in error.

CHARLES HOWE, Amicus Curiae, for Colorado Municipal League.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

THIS action arises out of the involuntary annexation and rezoning of certain property by the City of Boulder pursuant to the Municipal Annexation Act of 1965, 1965 Perm. Supp., C.R.S. 139-21-1 through 23. The landowners,

Kenneth and Jean Cline, were the plaintiffs below and are the plaintiffs in error here.

The land in question is an enclave, being completely surrounded by the City of Boulder. It has been owned by the Clines for several years. The county had zoned a portion of the land as Commercial and the balance as Multi-Family.

The Cline property having been in enclave for the three years as provided in the statute, on January 1, 1967, the City of Boulder instituted proceedings to annex and rezone the property without the consent of the Clines. Thereafter various hearings were held by the City Council and City Planning Board. Kenneth Cline appeared at three of these hearings. On July 11, 1967, the Clines allegedly were granted a Boulder County Building Permit to construct a service station on their property. On July 18, 1967, the Boulder City Ordinance became effective which forcibly annexed and rezoned the Cline property. The property was rezoned MR-2-Multi-Family Residence, which classification precluded the building of the service station.

The Clines challenged the annexation and rezoning ordinances in the district court, which upheld the City's actions.

In the writ of error to this court, the Clines have advanced several arguments for reversal, the most pertinent of which challenged the constitutionality of the Act itself. Therefore, we will first approach that question.

I.

 The Clines first generally argue that involuntary or forced annexation is in itself a violation of due process. Their argument in this respect seems to be more concerned with what the law *ought* to be rather than what the law *is*. In *Rogers v. Denver*, 161 Colo. 72, 419 P.2d 648, this court favorably cited general law as follows:

"Consent of inhabitants. — It is well settled that the

legislature may not only originally fix the boundaries or limits of a municipal corporation, but, subject to the constitutional restriction, may subsequently annex, or authorize the annexation of, contiguous or other territory without the consent or even against the remonstrance of persons residing therein * * *." 37 Am. Jur. *Municipal Corporations* § 30.

Under the prior annexation statute — *See* C.R.S. 1963, 139-10-2 (e) — annexation could be had without consent of the residents in the territory if an enclave was surrounded by the municipality for a period of 20 years or more. The present statute merely reduces this period to three years.

The Clines next contend that the Act is discriminatory in that annexation may not be had without consent in the case of a landowner whose land is greater than 20 acres in size or worth more than $200,000. *See* 1965 Perm. Supp., C.R.S. 1963, 139-21-4(3). However, this section additionally provides that the exemption does not apply to enclaves. Moreover the Cline land is smaller than 20 acres and worth less than $200,000. Consequently they are not in a position to raise the question of the reasonableness of the classification since no property involved in this annexation is subject to any of the exemptions, and the Act as applied to the facts herein does not discriminate against the Clines nor in favor of any other person.

The Clines next argue that section 139-21-5- (1) pertaining to the annexation of enclaves is unconstitutional in that in the sole instance of an enclave such as exists in this annexation proceeding there is no provision in the statute for notice of hearing as is provided in other sections of the Act for other annexation proceedings. However, on the question of notice, we point out that the laws and charter provisions for the publication of notice of ordinances to be enacted were complied with. In addition, we note that Kenneth Cline appeared at three different meetings with City Council or the Plan-

ning Board where he there voiced his objection to the annexation and zoning. The Clines are certainly in no different or stronger position than one who makes an appearance and participates in the trial of a civil action without being served with process. It is axiomatic in such case that failure to be served or defective service is waived by the making of a general appearance at or by participation in the trial.

The Clines next argue that section 139-21-16(1), which provides that the annexing municipality shall apply all pertinent ordinances to the annexed area irrespective of any proceedings for judicial review of the annexation, is an unconstitutional infringement on the judiciary in that it precludes the issuance of an injunction or stay order. This section of the Act was recently upheld by this court in *City of Westminster v. District Court,* 167 Colo. 263, 447 P.2d 537.

## II.

The Clines also challenge the zoning of their property on several grounds. They cite the following language from section 139-21-14(1) of the Act:

"(1) An annexing municipality may institute the procedure outlined in state statutes or city charter to make land subject to zoning at any time after a resolution of intent has been passed in accordance with section 139-21-5 * * *. *The proposed zoning ordinance shall not be passed on final reading prior to the date when the annexation ordinance is passed on final reading. * * *"* (Emphasis added.)

From this they argue that because the annexation and zoning of their case was accomplished in the *same* Ordinance, the City failed to comply with the statute. The answer to this argument is simple: the statute states only that the zoning ordinance shall not be passed *prior* to the annexation ordinance. The statute thus does not preclude the two ordinances from being passed at the same time.

The Clines next state that they were issued a Boulder

County Building Permit on July 11, 1967, giving them the right to construct a service station on their property. There is no record evidence of this Permit other than the Clines' reference to it in their complaint. Assuming their statement to be true, we nevertheless do not view this Permit as precluding the rezoning made by the City of Boulder.

 The basic legal question involved is simply, does a building permit per se vest such a property right in the owner that subsequent rezoning is ineffective as to the property? The majority rule in the United States is that the owner must take some steps in reliance on the permit before his rights vest thereunder. McQuillin states the rule as follows:

"The general rule is that permits for buildings and businesses are not per se protected against revocation in effect by subsequent enactment or amendment of zoning laws prohibiting the building, business or use for which they have been issued. That is to say, a municipality may revoke a permit where zoning is enacted or changed to prohibit the use and where the permitee has not materially changed his position in reliance on the permit. * * * "

8 McQuillin, Municipal Corporations § 25.156 (3d ed. 1965).

In a case involving annexation and rezoning in Ohio, the rule was applied in *Williams v. Village of Deer Park,* 78 Ohio App. 231, 69 N.E.2d 536. Therein the landowner obtained a building permit from the county the day before the Village annexed and rezoned his land. The county permit would have allowed him to construct a building for business purposes which use was precluded by the Village zoning. The landowner had already started construction without obtaining the county permit, and the court held that because there was no reliance on the permit subsequently secured and that there had been no construction after issuance of the permit, the landowner acquired no rights, and the suit attempting

to enjoin the Village from enforcing its zoning laws was dismissed.

In *Geneva Investment Co. v. City of St. Louis*, 87 F.2d 83, in which certiorari was denied by the Supreme Court, 57 S.Ct. 795, 301 U.S. 692, 81 L.Ed. 1348, it was held that an ordinance which changed land from commercial to residential zoning was effective to revoke a previously issued building permit to construct a service station. The court noted there was insufficient evidence of the amount of construction on which to base an estoppel against the city from enforcing its ordinance. We note that in the case at bar there was no evidence at all, either of the permit itself or that any steps had been taken in reliance thereon, or that any oil company had entered into a contract with the landowner for the service station.

 Although not squarely in point, it appears that this court has at least followed the rationale of the majority rule in *Denver v. Stackhouse*, 135 Colo. 289, 310 P.2d 296. In that case there was substantial reliance on a building permit which had been erroneously issued for the construction of a building which was prohibited by an existing zoning ordinance. The court noted that the landowner had expended substantial funds, in the amount of $18,000, and held that Denver was estopped to contest the validity of the permit. Reliance is generally necessary to invoke the doctrine of estoppel, so we assume that although the court did not say so in so many words, the landowner's reliance was critical to the decision.

We infer from the evidence that the Clines obtained a permit merely as a tactic. Mr. Cline was at a City Council meeting on the same day he obtained the permit from the county and did not mention the fact to Council. Rather, he requested a 90-day continuance in order to conduct a land use study. There is an admission by the Clines in their brief that the service station was in the "dream stage."

Many other arguments were raised by the Clines which we characterize as "shotgun" in nature and are presented without citation of authority. We do not view the contentions to be substantial enough to require treatment.

The judgment is affirmed.

MR. JUSTICE KELLEY not participating.