504 P.2d 1121 (1972)
WITKIN HOMES, INC., a Colorado corporation, Plaintiff-Appellant,
v.
CITY and COUNTY OF DENVER, a Municipal corporation et al., Defendants-Appellees.
No. 72-021. (Supreme Court No. 25272.)
Colorado Court of Appeals, Div. II.
October 31, 1972.
Rehearing Denied November 21, 1972.
Certiorari Denied January 15, 1973.
Wallace & Hahn, C. Thomas Bastien, Denver, for plaintiff-appellant.
Max P. Zall, Earl T. Thrasher, Robert M. Kelly, Denver, for defendants-appellees City and County of Denver, The Election Commission of the City and County of *1122 Denver, James W. Fennell, James E. Manuel and F. J. Serafini.
Ronald F. Flader, Denver, for defendants-appellees Ann Crowley, Warren Buckholz, Ben G. Miriello, Joyce E. Hjelm, Ann L. Hamlin and John C. Regan.
Selected for Official Publication.
SMITH, Judge.
This case was transferred from the Supreme Court pursuant to statute.
On May 20, 1968, the City Council of the City and County of Denver approved an ordinance which rezoned certain land from a classification of single family dwelling to one permitting three and four family units. On June 21, 1968, petitions were filed with the City Clerk demanding a referendum on the ordinance. A protest directed to the petitions was filed on June 26, 1968. No action having been taken on the matter, plaintiff, on October 23, 1970, requested issuance of a building permit from the City zoning administration for development of the property in question under the multiple family zoning ordinance. The permit was refused.
In commencing this action, plaintiff asked that the City and County of Denver and the Election Commission of the City and County of Denver be enjoined from proceeding with a referendum election and that the City and County of Denver be required to grant permits for plaintiff's development of the property. Plaintiff claimed that the referendum petitions were invalid by reason of (1) late filing, (2) the protest to the petitions, and (3) that referendum would be improper because of the clause of the ordinance providing for its immediate enactment as an emergency measure. Plaintiff further asserted that zoning ordinances cannot be the subject of a referedum election.
While this action was pending, the Denver City Council passed an ordinance directing that the subject ordinance be referred to a vote of the people. Subsequently, the trial court granted defendants' motion to dismiss. In dismissing the action the court determined that, since the zoning ordinance had become effective prior to the filing of the petitions, no referendum based thereon was required by the Denver City Charter, Article II, Sec. C2.2.[1]
The power of the city council to preclude a referendum by petition through acceleration of the effective date of an ordinance based upon a determination and *1123 declaration that the ordinance is necessary for the immediate preservation of the public health and safety is in accord with the applicable provisions of the Denver City Charter, supra. Fladung v. City of Boulder, 160 Colo. 271, 417 P.2d 787; Burks v. City of Lafayette, 142 Colo. 61, 349 P.2d 692. However, the court further determined that an injunction was not proper on the basis that a referendum election was properly initiated by the city council on its own motion.
Plaintiff contends that there can be no referendum on an ordinance which has become effective and cites in support of its position Colo.Const. Art. XX, Sec. 5. That provision of the Constitution was construed in Burks, supra, when the court said:
"Inasmuch as the home rule city has the power to adopt its own charter and can within its sphere exercise as much legislative power as the Legislature, it follows that such a city has authority to either restrict the power of referendum by allowing its council to declare health and safety or it may validly reserve a full measure of referendum authority to the voters of the community by not restricting itby providing that it shall be exercisable with respect to any measureeven those measures which have become effective."
The court in Burks interprets Article XX, Sec. 5, of the Colorado Constitution as requiring that referendum and initiative provisions be included in home rule charters, but finds no requirement as to the scope and extent that must be allowed.
The construction of the language in the Denver City Charter, Art. II, Sec. C2.2, therefore is determinative of whether the council may submit for referendum an ordinance which has already become effective. In construing a home rule charter, broad effect is given to the power granted a city council to submit a matter to a vote of the people, and any limitations on that power will be narrowly construed. Brooks v. Zabka, 168 Colo. 265, 450 P.2d 653; Burks, supra. The charter provision in question allows the City Council to submit for a referendum "any ordinance passed by it in the same manner and with the same force and effect as hereinabove provided." This language is not limited to those types of ordinances allowed to be the subject of referendum initiated by petition. Thus, "any ordinance" includes an ordinance previously enacted and in effect, including zoning ordinances. City of Fort Collins v. Dooney, et al., Colo., 496 P.2d 316.
Plaintiff argues that an adverse holding on the other issues should not preclude its requested injunction because plaintiff had acted in reliance on the zoning ordinance and therefore the city was estopped. To invoke this doctrine, plaintiff must show substantial reliance upon the zoning ordinance. Crawford v. McLaughlin, 172 Colo. 366, 473 P.2d 725. Yet, the record shows that plaintiff was not allowed to rely to any extent on the ordinance because the zoning administration office, upon application, refused to grant a building permit on the property. Even if the permit had not been refused, mere procurement of a building permit has been held insufficient for application of the doctrine of equitable estoppel. Cline v. City of Boulder, 168 Colo. 112, 450 P.2d 335.
Judgment affirmed.
DWYER and ENOCH, JJ., concur.
NOTES
[1] C2.2 ReferendumOrdinance take effect after thirty days, except emergencyPetitionsSpecial election. No ordinance passed by the council shall take effect before thirty days after its final passage and publication, except an ordinance calling a special election or necessary to the immediate preservation of the public health or public safety. If within said thirty days a petition signed by qualified electors equal in number to at least fifteen per cent of the last preceding vote for mayor shall be filed protesting against such ordinance or any part thereof taking effect, such ordinance or such part thereof so protested against shall thereupon and thereby be suspended from taking effect and the council shall immediately reconsider the same, and if the same be not repealed the council shall forth-with publish the same, as other ordinances are published, if no publication has theretofore been made, and shall submit the same to a vote of the qualified electors at the next general municipal election not held within thirty days after such petition is filed, or at a special election to be called thereafter by the council for that purpose, and such ordinance or part thereof shall not take effect unless a majority of the qualified electors voting thereon at such election shall vote in favor thereof. If such petition shall be signed by qualified electors equal in number to at least five per cent, but less than fifteen per cent of the last preceding vote for mayor, the council shall submit such ordinance or part thereof to a vote of the qualified electors at the next ensuing general municipal election not held within thirty days after such petition is filed. The council may on its own motion submit at a general or special municipal election any ordinance passed by it in the same manner and with the same force and effect as hereinabove provided, but without any petition being required therefor. No ordinance defeated by a vote of the people shall be re-enacted or passed by the council. Any provision of the charter in conflict herewith is hereby repealed. (Emphasis supplied.)