### No. C-784

**University of Colorado; Board of Regents of the University of Colorado; Jack Kent Anderson, Regent; Dale M. Atkins, Regent; Geraldine Bean, Regent; Fred M. Betz, Sr., Regent; Robert M. Gilbert, Regent; Byron L. Johnson, Regent; Thomas S. Moon, Regent; Raphael M. Moses, Regent; Eric W. Schmidt, Regent; Frederick P. Thieme, President; Lawson Crowe, Provost; Theodore Volsky, Vice-Provost; Karl Openshaw, Dean; Miles Olson, Assoc. Dean; Stephen E. Hodge; and Michael Kalk [and where applicable their successors in office] v. Linda Silverman**

(555 P.2d 1155)

Decided November 1, 1976.                    Rehearing denied November 22, 1976.

J. D. MacFarlane, Attorney General, Jean E. Dubofsky, Deputy, Edward G. Donovan, Solicitor General, Richard A. Tharp, Assistant, for petitioners.

Cohen & Cohen, Sara-Jane M. Cohen, for respondent.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

This action arises from an employment contract dispute between petitioners, the University of Colorado and its board of regents and named officials, and respondent, Linda Silverman, a former assistant professor at the University of Colorado. We granted certiorari to review the decision of the court of appeals, *Silverman v. University of Colorado*, 36 Colo. App. 269, 541 P.2d 93, reversing the trial court's dismissal of the action. On the issues presented for review, we reverse the judgment of the court of appeals.

The university employed respondent to teach for the 1972-1973 academic year. In December 1972, she received a letter from an associate dean, advising that her current employment was for a one-year period and that reappointment was subject to two conditions:
1. The renewal of a grant under which she was hired;
2. Evidence of competence and recommendation from the program area and division faculty peers that she be continued in her present position.
Respondent alleges that various university officials assured her she would be rehired.

Respondent was notified, however, by letter dated February 14, 1973, that she would not be reappointed. She was told that the school desired to open the position to other applicants. The same letter stated, "Your work has been quite satisfactory and [we are] sure the committee would welcome the resubmission of your papers." This notification of nonreappointment complied with the standard set forth in the University of Colorado *Faculty Handbook 1970* in effect at the time of this controversy. Respondent then filed a grievance with the faculty committee on privilege and tenure. The committee recommended to the university president that respondent be reappointed. The president did not respond, nor did he submit the recommendation to the board of regents.

Respondent was not rehired. As a result, in December 1973, she commenced an action in Boulder County district court. She alleged five causes of action, three of which are relevant here: breach of contract, estoppel, and deprivation of property without due process of law. Upon petitioners' motion, the trial court dismissed the action. The court of appeals reversed and remanded the cause for trial.

Petitioners allege that the court of appeals erred in holding (1) that the hiring authority of the board of regents is delegable; (2) that estoppel may be invoked against the university; and (3) that the university president's failure to transmit the recommendation of the faculty committee to

the board of regents deprived respondent of property without due process of law. We consider these issues in order.

## I.

Respondent's contract claim was essentially that a binding contract of reemployment arose when the two conditions prerequisite to reappointment, as set forth in the December 1972 letter from the associate dean, were satisfied; and that the university breached this contract when it advised respondent of her nonreappointment by the February 1973 letter.

The trial court based its dismissal of respondent's contract claim on C.R.S. 1963, 124-2-11,[1] which provides in part, "The board of regents shall * * * appoint the requisite number of professors and tutors * * *." The trial court held that absent action by the regents, no contract with the university could arise. We agree.

The court of appeals, however, reversed, holding that this statute does not prohibit the board of regents from delegating its hiring authority, and that whether delegation had actually occurred was a factual question requiring trial.

In so holding, the court of appeals distinguished *Big Sandy Sch. Dist. v. Carroll*, 164 Colo. 173, 433 P.2d 325, where it was held that a school board's authority to employ teachers is nondelegable. The court of appeals stressed that, unlike the statute defining the board of regents' authority, the governing statute in *Big Sandy, supra*, C.R.S. 1963, 123-10-19,[2] made it the school board's "duty" to hire teachers.

We do not find the absence of the word "duty" in C.R.S. 1963, 124-2-11, determinative. As we observed in *Big Sandy, supra*:

"* * * [L]egislative or judicial powers, involving judgment and discretion on the part of the municipal body, which have been vested by statute in a municipal corporation may *not* be delegated unless such has been expressly authorized by the legislature. * * *"

Undeniably, the power to hire teachers involves considerable judgment and discretion, whether at the university or high school level. Absent legislative authorization, the board of regents' hiring authority cannot be delegated. *See Snider v. Kit Carson Sch. Dist.*, 166 Colo. 180, 442 P.2d 429.

The court of appeals characterized the letter concerning the prerequisites for reappointment as an offer of employment by an agent of the board of regents, which ripened into a contract binding the board of regents upon satisfaction of the two conditions. In view of our holding that the hiring authority cannot be delegated, no contract could come into being absent affirmative action by the board of regents itself.

---

[1] Substantially reenacted as section 23-20-112, C.R.S. 1973.

[2] Repealed, L. 64, p. 590, § 27. Current statute is section 22-32-109, C.R.S. 1973.

## II.

Respondent alleged in the alternative that by reason of the December 1972 letter and other representations made to her by faculty members the university was estopped to deny that there was a contract of reemployment. In dismissing this claim, the trial court held estoppel would be "an inappropriate basis for relief against the University of Colorado and its Board of Regents" because it would divest the board of its statutory hiring power. The trial court added that estoppel is generally not available against a government agency acting in its public capacity.

The court of appeals reinstated respondent's cause of action, pointing out that under our decisions estoppel is applicable against a government agency to prevent manifest injustice.

■ We note, first, that the doctrine of estoppel is not favored. *Susman v. Bank*, 117 Colo. 12, 183 P.2d 571; *Langley v. Young*, 72 Colo. 466, 211 P. 640.

■ In light of this principle and under the facts of this case, we find no "manifest injustice" requiring the invocation of the estoppel doctrine. Respondent received adequate notice of the regents' decision not to retain her. She was, in fact, notified well before the March 1 deadline set by the university's *Faculty Handbook 1970*. The regents' decision not to rehire her, made within their statutory authority, cannot be considered manifestly unjust.

Even if estoppel were appropriate here, respondent could not show the requisite reasonable reliance. *Cline v. Boulder*, 168 Colo. 112, 450 P.2d 335, 49 A.L.R.3d 28. The *Faculty Handbook 1970*, cited frequently in respondent's brief, clearly states that the board of regents makes all faculty appointments. Furthermore, *Big Sandy, supra*, holds that an applicant for employment is charged with knowledge that the authority to hire has been exclusively placed in a particular officer or body. Thus, respondent's reliance on statements made by university officials was misplaced.

In view of our disposition of the delegation issue in part I, we need not discuss the court of appeals' suggestion that respondent may have considered those officials as agents for the board of regents and thus reasonably relied on their statements.

## III.

■ All parties agree that respondent was not a teacher under tenure. Her contract of employment was for one year only and the controversy does not involve her dismissal or the premature termination of the one-year contract under circumstances which reflect upon her professional competence or character. Thus, she had no expectancy or property interest in reappointment constitutionally protected by the due process clause of either the United States or Colorado Constitution. *Perry v. Sindermann*, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570; *Board of Regents v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548.

Respondent's third cause of action, however, alleges deprivation of property without due process of law by the failure of the university president to transmit the faculty committee's recommendation to the regents, as required by the university procedures. The trial court found "no legally sufficient property right or interest which would require formal response * * *." In essence, the trial court reasoned that since the respondent had no property right to reemployment she had no property right to have the recommendation of reemployment sent to the regents.

The court of appeals disagreed on two bases. First, it reasoned that the respondent's claimed contract of reappointment gave her a sufficient property interest to entitle her to due process protections. Our holdings in parts I and II substantially answer this argument. Secondly, it is asserted that the university was bound by its own procedural regulations.

In this case, the committee's report and recommendation that the respondent be reappointed were based on its mistaken finding that the December letter and the satisfaction of the two conditions therein constituted a binding commitment by the university to rehire the respondent. We have here held as a matter of law to the contrary.

Additionally, the committee gave great weight to the evidence of the respondent's competence and the recommendations of her faculty peers. Her competence was not in dispute and was acknowledged by the university in its February letter of nonreappointment. This consideration, of course, was a sound basis for the recommendation of reappointment, but it does not confer any right thereto and certainly would not foreclose the determination by the university that the position be opened to all interested parties, including the respondent.

In the circumstances of this case, the respondent's right to have the procedural regulations strictly followed is a right without substance, and to remand for the purpose of ordering a transmittal of the committee's recommendation by the president to the board of regents would be an exercise in futility. This is so because the recommendations of the committee on privilege and tenure are advisory only, as they must be in light of the board of regents' exclusive hiring authority under the statute. We therefore find no deprivation of property without due process of law.

The judgment is reversed and the case is returned to the court of appeals for further proceedings consonant with the views herein expressed.

MR. JUSTICE GROVES dissents.

MR. JUSTICE CARRIGAN does not participate.


MR. JUSTICE GROVES dissenting:

I dissent because I agree with the court of appeals in its conclusion that the statute did not preclude delegation of authority by the board of

regents. I further agree with the court of appeals in its conclusion as to estoppel based upon reliance. I concur with the majority opinion here as to the question of estoppel predicated upon manifest injustice and the question of due process.