562 P.2d 1125 (1977)
Brian UNDERHILL and Howard W. Selby, III, Plaintiffs-Appellants,
v.
BOARD OF COUNTY COMMISSIONERS, COUNTY OF BOULDER, State of Colorado, Defendant-Appellee.
No. 76-551.
Colorado Court of Appeals, Div. II.
March 31, 1977.
*1126 Reynolds, Connell, Moran & Banman, Larry W. Moran, John M. Banman, Boulder, for plaintiffs-appellants.
Ann T. Raisch, Asst. County Atty., Boulder, for defendant-appellee.
ENOCH, Judge.
Plaintiffs, Brian Underhill and Howard W. Selby, appeal a judgment entered against them in favor of defendant, Board of County Commissioners of Boulder County, with regard to the failure to approve plaintiffs' subdivision plat. We affirm.
In November 1971, plaintiffs filed their application with the Boulder County Department of Development to plat the Sierra Antigua Subdivision in the mountains just west of the city of Boulder. On January 21, 1972, the Boulder County Planning Commission approved the preliminary plat, subject to compliance by the subdividers with numerous recommendations made by the County Planning staff. On February 18, 1972, the Planning Commission approved the final plat, subject to approval of the State Engineer and State Geological Survey as to the proposed use of wells and septic systems in the subdivision.
Subsequently, the State Engineer wrote a letter to the Boulder County Department of Development indicating that, while there was no legal basis for him to refuse to grant domestic well applications within the subdivision, there could be problems in the subdivision resulting from a potential lack of water and pollution of domestic water supplies from the individual septic tanks which would be used to service each home. Another letter was received from the Colorado Geological Survey which set forth three objections to the subdivision: (1) Serious reservations concerning the feasibility of individual sewage systems on many of the lots; (2) concern about fire hazards and fire protection problems due to terrain and water supply; and (3) concern that when all factors were considered together, at least part of the proposed subdivision was being subjected to more intense development than the land and existing resources would support.
The Board of County Commissioners held a public hearing on May 2, 1972, and after all interested persons were allowed to speak, the Board made several factual findings and voted not to approve the subdivision plat. Plaintiffs then filed this action in the district court seeking judicial review pursuant to C.R.C.P. 106(a)(4), a declaratory judgment, inverse condemnation, and damages for breach of contract. The court denied plaintiffs relief on all of their claims.
Plaintiffs' primary contention on appeal is that, once the subdivision plat was approved by the County Planning Commission the Board of County Commissioners had no discretionary authority to refuse to accept it. In advocating this position, however, plaintiffs make the assumption that their subdivision plat had been approved by the Planning Commission. This fundamental assumption is erroneous.
The Planning Commission expressly made its final approval of the plat subject to the approval of the State Engineer and State Geological Survey, but the responses received from these officials, as detailed above, clearly did not amount to approval of the water and sewer plans for the subdivision. Therefore, rather than being a case where the County Commissioners were reviewing a subdivision which had been unconditionally approved by the Planning Commission, this was a case where certain additional requirements had to be met before there was unconditional approval by the Planning Commission.
We conclude, as did the trial court, that under the statutes in effect at the time of plaintiffs' plat application, C.R.S.1963, 106-2-1, et seq., as amended, the Board of County Commissioners did have authority to disapprove a subdivision plat when the Board found that the plat did not comply with the conditions imposed by the Planning Commission.
At oral argument, plaintiffs contended that the Planning Commission improperly delegated its decision-making authority to the State Engineer and State Geological Survey. We disagree.
*1127 By express statutory provision, the county planning commission is directed to make use of the expert advice and information which may be furnished by appropriate state officials. C.R.S.1963, 106-2-3(1). The Planning Commission was therefore justified in seeking the information it did, and was also justified in withholding its unconditional approval of the plat until the information sought was received. Since it was the County Commissioners and not the Engineer and Geologist who made the final decision as to the plat, there was no improper delegation of authority.
Plaintiffs also assert that the procedure used by the County Commissioners in considering and rejecting plaintiffs' subdivision plat denied plaintiffs due process and equal protection of the law. This argument is without merit.
Plaintiffs cite in support of their argument that prior subdivision plats had not been considered at public hearings before being approved by the Board, and that one commissioner had previously stated publicly that the Board's duties with respect to approval of subdivision plats approved by the County Planning Commission were merely ministerial. However, plaintiffs' claim of denial of due process or equal protection is not supported by the record. Plaintiffs made no showing that prior subdivision plats had been approved by the County Commissioners while conditions imposed by the Planning Commission remained unsatisfied. Without such a showing plaintiffs have not demonstrated that their constitutional rights were violated. See Board of County Commissioners v. Thompson, 177 Colo. 277, 493 P.2d 1358. Furthermore, the standards applied to plaintiffs' subdivision were the same as those applied to other subdividers, i. e., the requirements prescribed by the Boulder County Subdivision Regulations, and there is no indication that the closer scrutiny given plaintiffs' subdivision by the County Commissioners in this case caused an effectively different standard of compliance to be applied to their plat than to others approved previously.
Also, holding a public hearing did not violate plaintiffs' rights. All meetings of the County Commissioners are required to be open to the public. C.R.S.1963, 3-19-1 (now § 29-9-101, C.R.S.1973). And, in letting interested members of the public present their views at this meeting, the Board was merely further assuring that its decision would be in the public interest and would effect the purpose of the Boulder County Subdivision Regulations ¶ 1.3, which states:
These Regulations are designed and enacted for the purpose of promoting the health, safety, morals, convenience, order, prosperity, and welfare of the present and future inhabitants of Boulder County, Colorado . . ..
Plaintiffs and all interested parties were given notice of the public hearing, and were given ample opportunity to be heard before a decision was made. Therefore, there was no denial of procedural due process. See Sundance Hills Homeowners Ass'n v. Board of County Commissioners, 188 Colo. 321, 534 P.2d 1212.
The statements by one commissioner that the Board's duties were merely ministerial was incorrect, as indicated above. While in some circumstances the actions of a public official may create a condition of estoppel, such estoppel will be found only if the action results in a detrimental change of position by a person. See University of Colorado v. Silverman, Colo., 555 P.2d 1155. Here, there was no showing that the commissioner's statements or prior actions of the Board caused plaintiffs to change their position in reliance thereon.
Judgment affirmed.
RULAND and KELLY, JJ., concur.