**In the Matter of the ESTATE OF Claude Eugene VAN WINKLE, Deceased.**

**Tilda VAN WINKLE, Appellee,**

v.

**Irene GIVENS, Appellant.**

**No. 85CA0216.**

Colorado Court of Appeals, Div. I.

June 9, 1988.

Gunther & Westlund, Terry Ehrlich, Wheat Ridge, for appellee.

Gaunt, Dirrim, Coover & Phelps, Bradley J. Coover, Brighton, for appellant.

VAN CISE, Judge.

Irene Givens appeals an order entered by the district court sitting in probate (probate court), in which it determined that two bank accounts held in joint tenancy in the names of Givens and her brother, Claude Eugene Van Winkle, were assets of his estate and did not belong to Givens. We vacate the order and remand for findings of fact.

Tilda and Claude Van Winkle were married in July 1979. They separated in 1981 and, by agreement, divided their assets between them. His two bank accounts were then put into joint tenancy with his sister, Givens.

In February 1984, the Van Winkles commenced affidavit dissolution of marriage proceedings in which they stated that there was "no marital property to be divided." Claude died a few days later, before a decree of dissolution could be entered.

In March 1984, Tilda, as surviving spouse, petitioned for and was appointed personal representative of Claude's intestate estate. She filed an inventory listing the bank accounts as estate assets, ob-

tained an order for the proceeds of these accounts to be deposited into the registry of the court, and then filed a motion to determine the ownership of these accounts.

After an evidentiary hearing, the court entered an order, the full text of which is:

"The Court, having heard the testimony and examined the exhibits and having listened to the arguments of counsel, finds as follows:

"1. That the assets in the court registry are assets that were owned by the decedent. That the transfer of the assets to Irene Givens by Claude Van Winkle can only be construed as an attempt to defeat the rights of Mrs. Van Winkle. There is no question that Mrs. Van Winkle is the surviving spouse of the decedent.

"2. That the bank account and the certificate of deposit in the court registry are assets of the estate and as such, Tilda Van Winkle is entitled to the first twenty-five thousand ($25,000) and one-half of the remainder.

"3. The Court finds that Irene Givens complied with the contempt citation, although at a late date. The Court finds that the estate has incurred reasonable attorneys fees of $130.00 and costs of $10.70 and therefore, the estate should be reimbursed $140.70, payable by Irene Givens."

This appeal followed.

### I.

We agree with Givens that the probate court's order must be vacated. No findings of fact were made that would support the conclusion that the transfers were made by Claude with the intent to defeat the rights of Tilda.

We reject Tilda's argument that findings of fact were unnecessary here because the court was only deciding a motion. C.R.C.P. 52 does state that such findings are unnecessary on decisions of motions except as provided by C.R.C.P. 41(b); however, in this case, the motion to determine ownership of assets has the identical effect as would a separate action which requires findings. In a similar case, *In re Estate of Barnhart*, 38 Colo.App. 544, 563 P.2d 972

(1977), where petitioner was seeking to have the probate court set aside certain transfers made by the decedent and have the assets brought within the jurisdiction of the probate court, this court stated: "The failure of the court to make specific findings of fact and conclusions of law, as required by C.R.C.P. 52(a), requires that we remand on this issue."

### II.

Givens also contends there is insufficient evidence on the record to sustain findings that would support a conclusion that the transfers by the decedent were void as to his widow and heirs. We do not reach this issue unless and until this case is before this court with the requisite findings. *Cf. Kreith v. University of Colorado*, 689 P.2d 718 (Colo.App.1984).

### III.

In view of our disposition of this case, we do not address the other contentions of the parties.

The order is vacated in its entirety, and the cause is remanded for findings of fact, conclusions of law, and a new order based on the existing record.

PIERCE and BABCOCK, JJ., concur.