## No. 11,949.

RYAN *v.* SCHOOL DISTRICT No. 26, ARAPAHOE COUNTY.

Decided September 17, 1928.    Rehearing denied October 15, 1928.

Mr. C. A. IRWIN, for plaintiff in error.

Mr. JOEL E. STONE, Mr. GLEN L. DALY, for defendant in error.

*Department Two.*

MR. JUSTICE BUTLER delivered the opinion of the court.

THE plaintiff sued on six causes of action. The rulings on the second and fourth causes are not before us for review. The other four are for salary claimed to be due the plaintiff and his wife, his wife having assigned her claim to him.

1. The third and sixth causes of action claim compensation for two weeks' extra service alleged to have been performed by the plaintiff and his wife after the expiration of the nine months they were employed to teach. The court directed a verdict for the defendant on each of these causes of action. There was a delay of three weeks in opening school in September, and the plaintiff and his wife taught two weeks after the date they claim was the expiration of the nine-month period. The plaintiff contends that where services are rendered upon request, the law implies a promise to pay therefor. But this statement is too broad. There can be no recovery for extra work where the implied promise to pay is negatived by the evidence. 39 C. J. 158. The uncontradicted evidence is—indeed, the plaintiff admits—that the so-called extra services were rendered after the plaintiff and his wife were told by an officer of the school district that the district would not pay for such services. In such circumstances the law will not imply a promise to pay. The court was right in directing a verdict for the defendant on each of these two causes of action.

2. The theory of the first and fifth causes of action is that as the plaintiff and his wife were elected teachers in the district for three consecutive years, their employment became, without further election or appointment, "stable and continuous" during efficiency and good behavior; in other words, that without any further election, appointment or employment by the school board, they had the right to teach during the fourth year. The defendant refused to employ them or permit them to teach after the third year; hence this suit.

The plaintiff relies upon chapter 215 of the Session Laws of 1921 (C. L. §§ 8444, 8445). If that chapter applies, the plaintiff was entitled to judgment, unless, as the defendant contends, the plaintiff and his wife voluntarily waived their right to continue in the employ of the district, or by their acts and statements estopped

themselves from claiming the right to teach during the fourth year.

The act of 1921 (C. L. §§ 8444, 8445), supra, provides as follows:

"Section 1. Any teacher, who has heretofore been or shall hereafter be employed as a regularly elected teacher for three consecutive school years in any first class school district having 20,000 or more inhabitants, and shall be re-elected after the passage of this act, shall without further election have stable and continuous tenure of his or her position during efficiency and good behavior.

"Section 2. No teacher, who has been or shall hereafter be employed for three consecutive years shall be dismissed or retired; nor except in case of a general reduction of salaries in that district when applicable to the salaries of fifty per cent. or more of all teachers in the district, shall the salary of any teacher, be reduced for any political or religious reason, nor for any reason that shall not promote the efficiency of the service, nor until the charge in writing signed by the person making the same has been filed for at least ten days with the secretary of the board of school directors employing such teacher, nor until such charge has been served upon the accused for at least thirty days, nor until the said board shall sustain such charge at a hearing at which the teacher, complained against and the person making such complaint shall have been heard in person with or without counsel; Provided that if the district superintendent of schools and the principal or other supervisor having supervision of a teacher shall recommend the dismissal of said teacher for cause not political or religious, the board of education may, by the vote of not less than two-thirds of its entire membership, dismiss such teacher without such hearing."

Section 2 has other provisions, but they are not of importance in the present case. As we construe the act of 1921, it was intended to apply to districts of only the first class having 20,000 or more inhabitants. Section 1 is

the section that dispenses with the necessity of an annual election, appointment or employment of teachers who have been employed as regularly elected teachers for three consecutive school years, and makes the tenure of their position stable and continuous during efficiency and good behavior. Such provision is limited expressly to teachers in districts of the first class having 20,000 or more inhabitants. Section 2 provides when and how the salaries of such teachers may be reduced, and when and how such teachers may be dismissed or retired. The defendant is a district of the third class, and to such district the act of 1921 does not apply. As neither the plaintiff nor his wife was employed, or entitled to employment, during the fourth year, the defendant was not liable on either the first or the fifth cause of action. That being true, it is unnecessary to consider the other points argued by counsel.

The judgment is affirmed.

MR. CHIEF JUSTICE DENISON, MR. JUSTICE ADAMS and MR. JUSTICE CAMPBELL concur.