## FLORENCE KUEHN v. SCHOOL DISTRICT NO. 70, GOODHUE COUNTY.[1]

March 29, 1946.

No. 34,134.

*Milton I. Holst,* for appellant.
*Mohn & Watson,* for respondent.

LORING, CHIEF JUSTICE.

This is an appeal from a judgment in a case involving the legality of the discharge of a nontenure schoolteacher. The school board of School District No. 70, Goodhue county, engaged plaintiff to teach during the 1943-1944 session of school at a salary of $100 a

[1] Reported in 22 N. W. (2d) 220.

month. She assumed her duties in the fall of 1943 and taught until April 4, 1944, when she received the following notice:

"April 4th, 1944.
"Miss Kuehn.

"We the school board, hereby give you notice that you have by all means, not lived up to your contract, as you have agreed too [sic].

"You have been told at different times that your teaching school was not satisfactory.

"You have not followed your rules and school regulations according to laws.

"You have not put in your school classes, you have left out classes days and days.

"You have not put in full hours at school which is required of law for teachers to do.

"Therefore we expel you as teacher of district 70.

"Yours truly,
"School Board
"O. J. Heydmann
"John Brunckhorst
"Albert Tiedemann

"P. S. We hereby pay you in full."

No hearing was granted plaintiff on the charges against her. Upon receipt of the above notice, she informed the board that she was ready, willing, and able to perform her contract. Her offer was not accepted.

She commenced this action for the balance due on the contract upon the theory that the action of the school board had been arbitrary and unwarranted. The case was tried before a jury. The court instructed the jury that if it found that the action of the board had been arbitrary and capricious or in bad faith it should find for plaintiff. The jury found for plaintiff, and defendant moved for a new trial. This was denied solely on the ground that, since in dismissing a teacher the board acted in a quasi-judicial capacity, plaintiff was entitled to a notice and hear-

ing before dismissal and that the action of the board in not proceeding in this manner was lacking due process of law as arbitrary and capricious. The court did not pass on the sufficiency of the evidence or the credibility of plaintiff's testimony, since the denial of a hearing was conclusive that the board's action was arbitrary.

Defendant has assigned as error this ruling by the court.

Defendant has the statutory power to discharge "for cause." Minn. St. 1941, § 125.06, subd. 10 (Mason St. 1927, § 2815[5]).

The statutes do not provide a procedure for the removal of a nontenure teacher "for cause." However, even though no method of procedure is set out in the statutes for the guidance of the school board, a teacher is, nevertheless, entitled to notice of charges made against him and a fair hearing before an impartial board. Anthony v. Phoenix Union H. S. District, 55 Ariz. 265, 100 P. (2d) 988; School District v. McCoy, 30 Kan. 268, 1 P. 97, 46 Am. R. 92; Report of Attorney General 1938, Opinion No. 230, August 24, 1938. See, also, State ex rel. Early v. Wunderlich, 144 Minn. 368, 175 N. W. 677.

Judgment affirmed.

MR. JUSTICE CHRISTIANSON took no part in the consideration or decision of this case.