No. 15,695.

SCHOOL DISTRICT NO. 13, SAGUACHE COUNTY *v.* MORT.

(176 P. [2d] 984)

Decided January 14, 1947.

Mr. ROBERT R. TARBELL, for plaintiff in error.

Mr. CHARLES H. ALLEN, for defendant in error.

*En Banc.*

MR. JUSTICE LUXFORD delivered the opinion of the court.

IN the trial court, these parties appeared in reverse order and are hereinafter referred to as there.

Plaintiff was discharged from her position as a schoolteacher and obtained judgment for salary for the remainder of the term under a written contract. She was employed by defendant to teach school in Villa Grove District No. 13, Saguache county, Colorado, for a school term of nine months for $1200.00 or $133.33⅓ per month, beginning September 5, 1944, and ending in May 1945. It was a two-room school and plaintiff taught the first, second, third and fourth grades.

On October 29, 1944, a few weeks after school began, defendant served notice on plaintiff that it had "been made to appear to the Board of Directors" that as a teacher she was "inefficient, incompetent and unsatisfactory," for nine reasons therein set forth, and that the board of directors would proceed to hear evidence in support of said charges at the schoolhouse at four o'clock P.M. on Friday, November 3, 1944. Said notice was duly signed by the board of directors and the secretary. It was not stated in the notice that charges in writing had

been filed against her or how the nine reasons set forth had been "made to appear" to the school board or by whom. Plaintiff had five days' notice of the hearing. Written charges were not filed with the defendant, but by it.

While it may be conceded that in a hearing of this kind considerable latitude should be allowed in procedure, yet this does not waive a reasonable compliance with the statute.

We held in *School District No. 2 v. Shuck,* 49 Colo. 526, 531, 113 Pac. 511: "While we do not mean there must be formal pleadings and a trial before the board with the rules and formalities of court procedure; still we think that good cause shown, means specific accusation, notice, evidence of the charge before the board in its official capacity, and an opportunity to the teacher to be heard and refute the charge." We stated in this case the procedure to be followed in hearings before school boards, and are of the opinion that the rules laid down therein should have been followed in the instant proceeding. Clearly they were not. See, also, *Cheyenne County High School District v. Grover,* 87 Colo. 52, 284 Pac. 1026.

Five days after the notice was served, defendant school board held the hearing. Witnesses, including plaintiff and members of the school board, testified. Thereafter and on November 7, 1944, plaintiff was notified: "For good cause shown after hearing, you are hereby notified that your services as a teacher * * * will terminate on Friday, November 17, 1944, and your contract will be canceled as of that date." The "good cause shown" does not disclose to plaintiff, nor to any one else, the nature of the accusations, if any, which defendant found to be true.

In *School District No. 2 v. Shuck, supra,* we said: "The statute provides a teacher can only be discharged upon good cause shown. Neighborhood talk and rumors, report to the board by individual members upon per-

sonal investigation that there was some foundation for the talk, without specific charge made against the teacher with notice and opportunity to refute said charge before the board, acting officially, is not good cause shown."

The record in the present case is not clear as to just who conducted the hearing or what witnesses who testified were actually sworn. The statute provides: "In districts of the second and third classes, in the absence of the president, the secretary shall preside at board and district meetings." '35 C.S.A., c. 146, §103, line 17. It is clear here, that neither the president nor the secretary of the school board presided at the hearing. The statute also provides: "No testimony shall be received or considered at any hearing herein provided for unless the same is given orally before such board by a witness who is under oath or affirmation." '35 C.S.A., c. 146, §239.

In the hearing conducted in this case the plaintiff, Mrs. Mort, testified: "Q. It was a hearing? A. It was a farce." Mr. Madison, a member of the school board and its secretary, testified: "Q. What was your idea for having this meeting? A. To fire Mrs. Mort because she was not a fair teacher." Mr. McClure, also a member of the school board, testified: "Q. When was it you talked it over and decided Mrs. Mort was incompetent? A. I don't remember exactly when that was, *it was before we had that trial.*" (Italics ours)

The president of the school board was not present at the hearing at any time. However, he and the other two members of the board signed the notice four days later advising plaintiff that she was discharged and her contract canceled. It is apparent that the statutory requirements had not been followed. Plaintiff had a war emergency certificate issued to her by the secretary of the school board upon recommendation of the county superintendent of schools, which was good only in that

particular school. She was unable to obtain other employment during the remainder of the term.

The trial court found for the plaintiff and entered judgment in her favor and against defendant in the sum of $881.27, as the balance due under her contract, and for costs.

We are of the opinion that the judgment was correct, and accordingly, it is affirmed.

MR. CHIEF JUSTICE KNOUS, MR. JUSTICE JACKSON and MR. JUSTICE STONE concur in the conclusion.