## No. 16,271.

### SCHOOL DISTRICT No. 1, IN ARAPAHOE COUNTY v. THOMPSON.

(214 P. [2d] 1020)

Decided February 6, 1950.

Messrs. LEE & SHIVERS, for plaintiff in error.

Messrs. WOLVINGTON & WORMWOOD, Mr. FORREST C.

O'DELL, Mr. LAWRENCE M. HENRY, for defendant in error.

*En Banc.*

MR. JUSTICE JACKSON delivered the opinion of the court.

THOMPSON, defendant in error, possessing a graduate, temporary teacher's certificate, entered into a contract for teaching at the Englewood High School, Arapahoe county, for the academic year September 1947 to September 1948. She was dismissed for general incompetency after a hearing before the school board March 19, 1948 and ordered not to participate further as a teacher in the school system. She brought suit for breach of contract and, in a trial to the court, obtained judgment of $1,030, being the balance due under her year's contract. The school district brings the case here seeking reversal of the judgment.

The record shows that February 12, 1948, the principal of the high school filed charges of general incompetency against Thompson; that notice was served on her February 17, stating the charges and also advising that a meeting of the school board would be held March 19 to hear the charges where she might be present to show cause, "if any you have why you should not be dismissed." At the hearing, the vice president of the board presiding, defendant in error was represented by counsel and witnesses were examined and cross-examined, all of the testimony being without administering oath or affirmation to the witnesses.

The trial court admitted testimony going to the merits of the discharge to determine whether the action of the school board was arbitrary or capricious. Except for the addition of the cumulative testimony of student witnesses, the evidence was substantially similar to that introduced before the school board.

In answer to the point that the notice of hearing was vague, the trial court found that the charges were sufficient to inform plaintiff and that the notice was given in proper time. The court further found that the teacher was not prejudiced by the lack of additional specifications; that any additional specificiations would only compel the school board to plead evidence; that she was represented by counsel; and had thirty days in which to ask for additional information.

The trial court found that the charges had been substantiated. Then, after referring to *School District v. Mort*, 115 Colo. 571, 176 P. (2d) 984, it ruled as follows: "However the point on which this entire case turns and on which we are forced to decide the case is the Statute in which it states, quote, 'No testimony shall be received or considered at any hearing herein provided for unless the same is given orally before such board by a witness who is under oath or affirmation.' We are forced to find that the case turns on that. And the evidence is undisputed that there was no oath or affirmation in this case. Therefore, we must find that the hearing was ineffective." The sentence of the statute quoted is the next to the concluding sentence of section 239, chapter 146, '35 C.S.A., which is a part of the Teachers' Tenure of Service Act, Laws '21, p. 726, §2; C.L. '21, p. 2167, §8445.

We are of the opinion that this Act is not applicable in the instant case. As we pointed out in *Ryan v. School Dist.*, 84 Colo. 385, 388, 270 Pac. 865, it dispenses with the necessity of an annual election, appointment or employment of teachers who have been employed as regularly elected teachers for three consecutive school years, and makes the tenure of their position stable and continuous during efficiency and good behavior. It is limited to teachers in districts of the first class having 20,000 or more inhabitants. The Act of 1949 undertakes to enlarge the scope to all first-class school districts, with local option granted to other school districts. Section 2, chapter 230, Laws '49, page 661. A teacher under

permanent tenure can be dismissed only after the formal hearing set forth in section 239, chapter 146, '35 C.S.A., supra.

Thompson, however, was not under permanent tenure. She had started teaching for the Englewood School District in September, 1947, and had merely the one year contract ending September 1948, which the board was under no obligation to renew. If it did not, it was under no duty to give any reason for not doing so. Stated otherwise, it could hire in September 1947 and fire as of September 1948. But the question here presented relates to Thompson's right to a continuance of her job during the one year provided in her contract. Her duties and rights are set forth in section 219, chapter 146, '35 C.S.A., the pertinent portion of which is the last sentence: "No teacher shall be dismissed without good cause shown, and such teacher shall be entitled to receive pay for services rendered." This is a provision of long standing, being section 26, Laws '87, page 396.

Cases involving this earlier law include, inter alia, *School District v. Shuck,* 49 Colo. 526, 113 Pac. 511, where it was held a teacher was unlawfully dismissed without a hearing; *School District v. Youberg,* 77 Colo. 202, 235 Pac. 351, where likewise it was held a teacher had been unlawfully dismissed, the record being entirely devoid of specific accusations, notice, opportunity of the teacher to be heard, or evidence before the school board in its official capacity; *School District v. Parker,* 82 Colo. 385, 260 Pac. 521, where it was held a school teacher was dismissed without good cause shown, there having been no hearing; and in *Cheyenne County High School District v. Graves,* 87 Colo. 52, 284 Pac. 1026, where it was held a school superintendent had been discharged without "good cause shown" where no charges had been filed, and there was no hearing at the time of the discharge; that a later hearing did not remedy the situation. The case of *School Dist. v. Mort, supra,* also should be included in this list of cases as coming under the old

statute, Mrs. Mort, as in the instant case, having simply a one-year contract with no permanent tenure.

On the other hand, we have, in *Fahl v. School Dist.*, 116 Colo. 277, 180 P. (2d) 532, affirmed a judgment holding that a school teacher had been properly discharged under the Teachers' Permanent Tenure Act. See, also, *Ruger v. Knight*, 104 Colo. 33, 88 P. (2d) 118.

In the Mort case, supra, it would appear that the charges had been filed *by* the board and not *with* the board, and the notice served on Mrs. Mort of a hearing to be held five days later does not in so many words state that charges have been filed, but states, "that it has been made to appear to the Board of Directors * * *." Of the three members of the school board who constituted the tribunal to hear her case, the president was absent. Of the two who were present, one member testified in answer to question of counsel for the school board, "What was your idea of having the meeting?" "To fire Mrs. Mort because she was not a fair teacher." The other member present testified in answer to the question on cross-examination, "When was it you talked it over and decided Mrs. Mort was incompetent? A. I don't remember exactly when that was, *it was before we had that trial.*" The trial judge thus had a basis for his finding that the teacher had not had a fair hearing and that the board had acted as both prosecutor and judge and had thus violated the rule that no one shall sit in judgment in his own cause.

In the instant case, we believe that due process has been preserved. The procedure set forth in the Teachers' Permanent Tenure Act was followed, except that no oath or affirmation was administered the witnesses. The charges were filed by the principal of the school and supported not only by his testimony, but by that of other witnesses, and that testimony was corroborated subsequently in the trial court.

Our situation is expressed in *Kuehn v. School Dist.*

*No. 70, Goodhue County,* 221 Minn. 443, 22 N.W. (2d) 220:

"Defendant has the statutory power to discharge 'for cause.' Minn. St. 1941, §125.06, subd. 10. Mason St. 1927, §2815(5).

"The statutes do not provide a procedure for the removal of a nontenure teacher 'for cause.' However, even though no method of procedure is set out in the statutes for the guidance of the school board, a teacher is, nevertheless, entitled to notice of charges made against him and a fair hearing before an impartial board. Anthony v. Phoenix Union H. S. District, 55 Ariz. 265, 100 P. (2d) 988; School District v. McCoy, 30 Kan. 268, 1 P. 97, 46 Am. R. 92; Report of Attorney General 1938, Opinion No. 230, August 24, 1938. See, also, State ex rel. Early v. Wunderlich, 144 Minn. 368, 175 N.W. 677."

In *Anthony v. Phoenix Union High School Dist.,* 55 Ariz. 265, 100 P. (2d) 988, the court under a similar situation said: "The effect of the decision of the Board of Education, after the teacher has been heard or given an opportunity to be heard on the charge of unfitness, is one of the vital questions for determination. That he must be advised of the charge against him and given an opportunity to refute or explain such charge we think is imperative. *However, the procedure for such hearing, none being prescribed by the statute, is such as the board may adopt. 24 R.C.L. 618, sec. 75. When the teacher has been afforded an opportunity to be heard, and the board takes and hears evidence and decides he is an unfit person to teach, the decision we apprehend, ought to have some weight.* The law impliedly places the duty of passing on the fitness or unfitness of a teacher, when the occasion arises, upon the board. No other body under our law has that right." (Italics ours).

The forgoing case supports the statement in 47 American Jurisprudence, at page 387, section 125, reading as follows: "In the absence of a statutory prescription of the mode of procedure, a school board may adopt its

own procedure. However, even though no method of procedure is set out in the statutes for the guidance of a school board, a teacher is nevertheless entitled to notice of charges made against him and to a fair hearing before an impartial board."

It was a fair hearing before an impartial board that the trial court, in *School Dist. v. Mort, supra,* found that Mrs. Mort did not have.

In the instant case the trial court has in effect found that Thompson had proper notice of charges made against her and that she had a fair hearing before an impartial board. Its sole reason for holding the hearing ineffective was the absence of oath or affirmation by the witnesses. Because this proceeding was under the '87 Act, supra, and not under the Teachers'. Permanent Tenure Act, we believe this ruling was error.

We agree with the finding of the trial court that the notice to Thompson was not invalid, although it stated she should appear and show cause, when in fact, the burden was on the one preferring the charges to prove she was incompetent. Her attorney was present at the hearing to advise that the burden of proof was not on her and the record indicates that the hearing was conducted in the proper manner, with the initial duty of going forward placed upon the person preferring the charges. We also agree with the trial court that the notice was sufficient to advise that the hearing was to be had, and that Thompson was not prejudiced by the lack of additional specifications in the notice itself, in that she was informed verbally of her deficiencies and after receipt of the thirty-day notice her attorney had full opportunity to acquire further information concerning the specific evidence against his client in support of the charge of general incompetency.

The judgment is reversed.

Mr. Chief Justice Hilliard dissents.