506 P.2d 373 (1972)
Deanna FRANK, Plaintiff-Appellant,
v.
ARAPAHOE COUNTY SCHOOL DISTRICT #6, in the County of Arapahoe and State of Colorado, et al., Defendants-Appellees.
No. 71-426.
Colorado Court of Appeals, Div. II.
November 21, 1972.
Rehearing Denied December 12, 1972.
Certiorari Denied March 5, 1973.
*374 Hobbs & Waldbaum, Larry F. Hobbs, Denver, for plaintiff-appellant.
Simon, Eason, Hoyt & Malone, P. C., Richard L. Eason, Englewood, for defendants-appellees.
Selected for Official Publication.
ENOCH, Judge.
This case involves the transfer of a tenured public school employee from the position of counselor to that of classroom teacher. Deanna Frank (Plaintiff) brought suit against the Arapahoe County School District #6 (District) and the individual directors thereof (Board) alleging procedural error in the method of transfer. The trial court found for the District and the Board and dismissed plaintiff's complaint. We affirm.
On August 1, 1964, Plaintiff was employed as a classroom teacher, but she was immediately assigned as a counselor in a junior high school. She served as a counselor continuously through the 1969-70 school year, acquiring a teacher's tenure after the normal three years. In March 1970, her principal evaluated her performance as poor and recommended that she be reassigned to a teaching position within the District. Plaintiff signed the written evaluation but indicated that she did not agree with it. She then initiated a formal grievance with the Littleton Educational Association. An ad hoc committee appointed to investigate the grievance announced in June 1970, that it had determined unanimously that her grievance was without merit.
Meanwhile, in April, the District notified Plaintiff that her employment would be continued for the following year, but the offer quoted a classroom teacher's salary. Plaintiff duly tendered her written acceptance. In early May, the Board considered the principal's recommendation which had been endorsed favorably by the Superintendent, and the Board officially approved the transfer of Plaintiff to a classroom teaching position. The Board's action did not specifically identify Plaintiff's new assignment.

I
Plaintiff first contends that the District could not transfer her from one position to another without formal action of the Board specifically designating Plaintiff's new assignment. We disagree.
In support of her contention, Plaintiff cites 1967 Perm.Supp., C.R.S.1963, XXX-XX-XX(1) which states:
"A teacher may be transferred upon the recommendation of the chief executive officer of a school district from one school, position, or grade level to another within the school district, . . ."
While both parties agree that only the Board had the power to authorize the "transfer," Plaintiff also contends that only the Board had the power to determine the assignment of building and classroom. Plaintiff relies on Big Sandy School District v. Carroll, 164 Colo. 173, 433 P.2d 325, which sets out the general rule that:
". . . a municipal corporation, or a quasimunicipal corporation such as [a school district], may delegate to subordinate officers and boards powers and functions which are ministerial or administrative in nature, where there is a fixed and certain standard or rule which leaves little or nothing to the judgment or discretion of the subordinate."
In Big Sandy a school board attempted to delegate to its superintendent the power to employ teachers and to enter into contracts with them for compensation. In the instant case, however, the Board took official action pursuant to 1965 Perm.Supp., C.R.S.1963, 123-30-8 in regard to Plaintiff's transfer, and it left only the administrative assignment of building and classroom to its subordinates.
The practicality of delegating these administrative functions to qualified executive personnel must prevail. It is sufficient that the Board satisfies itself that the transfer meets the statutory requirements contained in 1967 Perm.Supp., C.R.S.1963, XXX-XX-XX(1). This statute provides that the teacher (1) be assigned to a position *375 for which she is qualified by virtue of academic preparation and certification, (2) not be reduced in salary during the current year, and (3) not be discriminated against because of sex, race, creed, color, or membership or nonmembership in any group or organization.
The record reveals that Plaintiff was qualified as a classroom teacher in English, that she lost no salary during the then current school year, and that there was no discrimination as prohibited by the statute. Testimony disclosed that the Board was well informed as to the reasons for the recommended transfer of Plaintiff. At the time of its action, the Board knew of and approved the Superintendent's plan to assign Plaintiff to a position teaching English; however, at that time in May, it was administratively impossible to designate an exact building and classroom. Therefore, we hold that while the Board could not delegate the power of deciding whether or not Plaintiff was to be transferred, the Board could delegate the resulting administrative details such as building and room assignment consistent with the position for which Plaintiff was qualified. See Big Sandy School District v. Carroll, supra.

II
Plaintiff's second contention is that due process of law requires that her request for a hearing before the Board concerning her reassignment should have been granted. This argument is based upon Plaintiff's assumption that the transfer from counselor to classroom teacher was a demotion. We do not agree with Plaintiff's contention or assumption.
The trial court was correct in its findings, which are supported by evidence, that Plaintiff, in her position as a counselor, was basically a teacher and not an administrator or executive for "transfer" purposes under 1967 Perm.Supp., C.R.S. 1963, XXX-XX-XX. Therefore, there can be no demotion when an individual is transferred between co-equal positions.
Had Plaintiff lost her job or been denied a job due to questionable Board action, there would be stricter standards of review applicable. See School District v. Thomas, 147 Colo. 348, 363 P.2d 700; School District v. Thompson, 121 Colo. 275, 214 P.2d 1020; School District v. Mort, 115 Colo. 571, 176 P.2d 984. In the case at hand, however, Plaintiff was merely transferred from one similar position to another. Plaintiff was not entitled to a hearing before the Board itself, and the denial of her request for such a hearing was not in violation of any statutory or constitutional rights. The statutory provisions for a transfer of a teacher from one position to another specify certain requirements which were met, and there is no provision for a hearing as requested by Plaintiff. 1967 Perm.Supp., C. R.S.1963, XXX-XX-XX; 1965 Perm.Supp., C. R.S.1963, 123-30-8.
Judgment affirmed.
COYTE and DWYER, JJ., concur.