603 P.2d 962 (1979)
Phillip D. WILLIS and Joseph E. Lyons, Plaintiffs-Appellants,
v.
WIDEFIELD SCHOOL DISTRICT NO. 3, Security, Colorado, Defendant-Appellee.
No. 79CA0227.
Colorado Court of Appeals, Div. I.
August 30, 1979.
Rehearing Denied September 20, 1979.
Certiorari Denied December 10, 1979.
*963 Hobbs & Waldbaum, P. C., Larry F. Hobbs, Denver, for plaintiffs-appellants.
Yegge, Hall & Evans, Carol M. Welch, Reese Miller, Denver, for defendant-appellee.
COYTE, Judge.
Plaintiffs are teachers whose contracts with the defendant Widefield School District No. 3 were not renewed following the 1976-77 academic year. The trial court entered summary judgment against plaintiffs on their claim for damages. We affirm.
The argument advanced by plaintiffs is that the school district failed to follow the teacher evaluation procedure adopted by the school board and that plaintiffs were thus denied their contractual and procedural rights. The school district's counter-arguments, which were accepted by the trial court, are (1) that the procedures adopted by the board represent an invalid delegation of the personnel dismissal duties of the board, with the result being that plaintiffs were not harmed by failure to follow such procedures, and alternatively, (2) that even if the procedures are valid, the plaintiffs suffered no compensable damages.
The district's procedures required that probationary teachers such as plaintiffs be evaluated twice each year. The policy statement specified that the primary function of the evaluations was to improve the quality of instruction and that the evaluations were only secondarily intended to serve as a basis for promotion, retention, or dismissal. Nothing in the board's evaluation policies indicates that the evaluations were intended to be binding on the board in making these decisions.
School boards cannot delegate the power to make decisions relative to employment, retention, or dismissal of teachers. Big Sandy School Dist. No. 100-J v. Carroll, 164 Colo. 173, 433 P.2d 325 (1967). However, if a school board considers evaluations made by administrative personnel as one factor in determining whether to renew the contracts of non-tenured teachers, this does not constitute an unlawful delegation because the ultimate decision remains with the board. Instead, these evaluations merely facilitate the board's ability to make informed personnel decisions, and hence establishment of evaluation procedures falls within the board's powers to make policies and rules regarding employment. Section 22-32-110(1)(k), C.R.S.1973.
The evaluation procedures used here are somewhat analogous to the hearing panel procedure discussed in Blair v. Lovett, Colo., 582 P.2d 668 (1978). The court in Blair noted that delegating fact-finding responsibility to the panel did not constitute a delegation of the school board's dismissal authority because the board retained the ultimate authority to make a decision. See also Littleton Education Ass'n v. Arapahoe County School District No. 6, Colo., 553 P.2d 793 (1976); Rockey v. School District No. 11, 32 Colo.App. 203, 508 P.2d 796 (1973).
*964 Thus, we do not agree with the ruling of the trial court that the school board's policies were an unlawful, and therefore invalid, delegation of employment decisions. However, we do uphold the trial court on the basis of its alternative reason for granting summary judgment.
The premise of plaintiffs' claim for relief, based upon affidavits presented to the trial court, is that the school board failed to follow its own evaluation policies in that it relied upon information not found in the evaluations in refusing to renew plaintiffs' contracts. However, because plaintiffs are not tenured teachers, they have no property interest in the renewal of their contracts, and the board is not required to afford them a hearing or state reasons for not renewing their contracts. University of Colorado v. Silverman, Colo., 555 P.2d 1155 (1976); School District No. 1 v. Thompson, 121 Colo. 275, 214 P.2d 1020 (1950).
University of Colorado v. Silverman, supra, held that a non-tenured professor whose contract was not renewed by the board of regents was not entitled to damages despite a failure to follow a specified procedure which included presenting an advisory committee's favorable evaluation to the board.
Similarly, here, we hold that the failure of the school board to follow the evaluative procedures strictly could not, as a matter of law, invalidate the board's non-delegable decision about renewing plaintiffs' contracts, and thus plaintiffs are not entitled to damages. Defendant's motion for summary judgment was therefore properly granted.
Judgment affirmed.
PIERCE and STERNBERG, JJ., concur.