Steven P. FORBES, Appellant,

v.

**INDEPENDENT SCHOOL DISTRICT NO. 196, Respondent.**

No. C6-84-867.

Court of Appeals of Minnesota.

Nov. 20, 1984.

Beverly Balos, Legal Aid Clinic, Minneapolis, for appellant.

James E. Knutson, David S. Bartel, Peterson, Knutson, Flynn & Hetland, St. Paul, for respondent.

Donald W. Selzer, Oppenheimer, Wolff, Foster, Shepard & Donnelly, St. Paul, for amicus curiae Minnesota Educ. Assn.

Heard, considered and decided by WOZNIAK, P.J., and FORSBERG and LESLIE, JJ.

## OPINION

LESLIE, Judge.

This is an appeal from entry of judgment against the appellant following a motion for summary judgment. Appellant Steven Forbes brought an action against the Rosemount School District alleging breach of his contract and denial of due process in discharging him from his position as a substitute teacher. He alleged that, by the terms of his contract and as required by due process, he could not be discharged without a hearing. We affirm.

## FACTS

Forbes, a licensed teacher with one year of teaching experience in another school district, was hired in August, 1979, to a one-year contract as a substitute teacher at Apple Valley High School, to replace a teacher on a one-year leave of absence. The contract provided that Forbes was to serve as a substitute teacher from August 22, 1979, until May 31, 1980, or until the return of the incumbent teacher. It provided that "this contract shall not be subject to the continuing contract law."

The school district alleges that Forbes' classroom performance was unsatisfactory during the first two months of the 1979–1980 school year. It claims that he used inadequate and inappropriate discipline, could not manage the classroom, did not teach effectively, and lacked adequate knowledge of the subject matter. Forbes had five conferences with school district administrators during the two months to hear and respond to the complaints against him.

Following the last of these conferences, on October 30, 1979, the district claims that Forbes left the school grounds, and his teaching post, without giving notice to school administrators. The absence continued the following two school days.

On November 2, 1979, the personnel administrator, Dr. Ruth Randall, sent Forbes a letter advising him of an appointment with her on November 5 to advise him of a "recommendation concerning [his] employment" to be submitted to the School Board that evening. Forbes claims to have prepared a written statement in his defense, dated November 3, 1979, and to have given sufficient copies for each member of the Board to Dr. Randall. He stated that he went to Randall's office on November 5 an hour early to tell her he could not meet with her because he needed time to retain counsel, and that that evening he attended the School Board meeting but was unable to get the Board to recognize him.

Dr. Randall denied that Forbes told her on November 5 that he needed time to retain legal counsel. She also denied receiving the written "defense document" from Forbes. Randall and another school district administrator stated that Forbes did not attempt to speak at the school

board meeting, nor ask to be placed on the agenda.

The school board on November 5 voted to discharge Forbes, by resolution, without making findings. Forbes was notified of his discharge by letter dated November 7. He went back to the school to request reinstatement and met with the principal, and later with Randall. He alleges that Randall told him "that the School Board's decision was final and that nothing could be done." Randall denied making this statement.

Following his discharge, Forbes obtained a substitute teaching position in another district. He was discharged from that position, he alleges, following the appointment of a former Rosemount administrator to a position in that district.

Forbes did not file a writ of certiorari to challenge his termination. He brought this action in September, 1980.

The trial court based its order granting summary judgment on the following grounds:

1) Forbes failed to seek review of his discharge by writ of certiorari;

2) Forbes, as a substitute teacher, did not have the right to a hearing enjoyed by a "continuing contract" teacher; and

3) Forbes waived "continuing contract" rights by signing the written one-year contract.

The court did not address the due process issue.

## ISSUE

Did Forbes receive the notice and opportunity to be heard to which he was entitled by contract, statute, or the due process clause?

## ANALYSIS

Forbes was a substitute teacher hired under a one-year written contract to replace a teacher on leave of absence. At the time of his hiring and discharge, the relevant statute provided as follows:

"The board shall employ and contract with necessary qualified teachers *and discharge the same for cause,* but no substitute teacher shall be hired except to replace a regular teacher on leave of absence or in an emergency of less than one school year's duration."

Minn.Stat. § 123.35, subd. 5 (1978) (emphasis added).

Appellant, and amicus curiae, the Minnesota Education Association, contend that the "for cause" language requires a pretermination hearing. The trial court correctly found that Forbes, as a substitute teacher, did not have the rights granted to a "continuing contract" teacher, including the right to a pretermination hearing. Minn.Stat. § 125.12, subd. 4 (1978). It did not address the issue of what rights are entailed in the "for cause" language applicable to substitute teachers.

The Supreme Court in *Kuehn v. School District No. 70*, 221 Minn. 443, 22 N.W.2d 220 (1946), held that the statutory requirement "for cause" entitles the teacher to a notice of charges against him and a "fair hearing before an impartial board." *Id.*, at 445, 22 N.W.2d at 221. Although *Kuehn* is not identified as a substitute teacher, she was "nontenured," and her position may be compared to that of Forbes.

*Kuehn* does not explicitly require a pretermination hearing. Respondent argues that the availability of judicial review by means of certiorari is sufficient due process for a substitute teacher. Respondent relies on *Arnett v. Kennedy*, 416 U.S. 134, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974), in which the Supreme Court held that a pretermination hearing was not required by due process for a discharged non-probationary federal employee. In *Arnett*, the statute required "cause" for employee discharge; however, the employee was also entitled to receive a written statement of reasons, and a reasonable time to respond in writing. In addition, the employee had a right to review within the agency, not solely by legal action.

Since we conclude that the procedure afforded to Forbes was adequate, we need

not address the general issues of whether due process rights apply to the termination of substitute teachers, or what rights the constitution, and the statute, afford.

In order to determine what process is due, the court must balance the weight of the individual interest involved against the governmental interest in summary action. *Board of Regents v. Roth*, 408 U.S. 564, 571, 92 S.Ct. 2701, 2705, 33 L.Ed.2d 548 (1972). Forbes was a substitute teacher, who could be discharged "for cause." He may have had a minimal "property" interest in continued employment, and, under the circumstances, a "liberty" interest in avoiding the stigma that may have attached to him. On the other hand, the school district had discretion in his employment and retention, Minn.Stat. § 123.35 subd. 5, and had an interest in summarily removing a teacher alleged to be grossly inadequate.

The key factor in this case, we believe, was Forbes' abandonment of his teaching post for two days, without notifying the school district. The school district, as a result, had a greatly enhanced interest in an expeditious procedure for discharging Forbes, so it could hire a replacement and minimize the disruption for the students.

The school district gave Forbes three days' written notice of the proposed action, and of the school board hearing. Although there are factual issues remaining as to events following the notice, we can only infer that Forbes had an opportunity, at a minimum, to present a written defense to the charges against him, as he in fact claims to have done.

The procedure afforded to Forbes was adequate to meet the demands of due process for a substitute teacher alleged to have abandoned his position. As the Eighth Circuit Court of Appeals has stated,

> "Both the notice afforded and the opportunity to be heard must be appropriate to the nature of the charges made."

*Brouillette v. Board of Directors of Merged Area IX, Alias Eastern Iowa Community College*, 519 F.2d 126, 128 (1975) (citing *Bell v. Burson*, 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971)).

Unexcused absence from a substitute teaching position, a charge which Forbes did not dispute before the trial court, is not a factual issue requiring a formal hearing. We note also that Forbes had a right to a subsequent adjudicative proceeding by means of certiorari review. *See, Equal Employment Opportunity Comm. v. Johnson Co.*, 421 F.Supp. 652, 657 (D.Minn.1975).

Although the trial court did not reach the issue of whether the procedure afforded Forbes was adequate, we believe that summary judgment must be affirmed. A decision is not to be reversed if it is correct, although based on incorrect grounds. *Cambern v. Hubbling*, 307 Minn. 168, 238 N.W.2d 622 (1976). We note that the adequacy of the process afforded was fully presented to the trial court by the parties' cross motions for summary judgment. There are no factual issues precluding summary judgment. Because we affirm on the grounds of the adequacy of the procedure afforded Forbes, we do not reach the issues raised by the trial court's order.

### DECISION

The process afforded appellant was adequate for a substitute teacher alleged to have abandoned his position. Summary judgment was appropriately granted, although based on incorrect grounds.

Affirmed.