**Joyce JACOBS, Plaintiff-Appellant,**

**v.**

**FREMONT RE–1 SCHOOL DISTRICT and Norman R. Lemons, Individually and As Director for Business Services for School District RE–1, Defendants-Appellees.**

**No. 84CA0293.**

Colorado Court of Appeals, Div. I.

Dec. 27, 1984.

Rehearing Denied Jan. 24, 1985.

Certiorari Granted April 1, 1985.

Jeffrey K. Holmes, Denver, for plaintiff-appellant.

Hawthorne & Meconi, Rocco F. Meconi, Canon City, for defendants-appellees.

ENOCH, Chief Judge.

In her action for wrongful discharge from employment, plaintiff, Joyce Jacobs (employee), appeals from the denial of her motion for summary judgment and the granting of summary judgment to defendants, Fremont RE–1 School District and Norman Lemons. We reverse.

Employee was employed as a school bus driver for defendant school district, and defendant Lemons was the director of business services for the school district. A dispute arose between Lemons and employee regarding certain disciplinary actions employee exercised on her school bus, and subsequently Lemons accused employee of being insubordinate and dismissed her. After employee brought this action, the board of education ratified Lemons' decision to terminate plaintiff's employment.

The board had adopted a policy that delegated the authority to discharge "classified personnel" to the superintendent of schools and to the director of business services. Classified personnel was defined as those employees who did not have teaching or administrative responsibilities, such as bus drivers, secretaries, and custodians. In denying employee's motion and granting defendants' motion for summary judgment, the trial court held that the board lawfully delegated to Lemons the authority to discharge employee.

Employee contends that her discharge by Lemons in his capacity as director of business services was unlawful because only the board could fire her. Therefore, she argues that the court erred in denying her motion for summary judgment and in entering summary judgment for defendants. We agree that summary judgment was improper under the circumstances of this case, but not for the reason stated by employee.

A school district is a quasi-municipal corporation whose powers are conferred by the General Assembly, *Hazlet v. Gaunt,* 126 Colo. 385, 250 P.2d 188 (1952), and a quasi-municipal corporation may not delegate to subordinate officers legislative or judicial powers involving judgment and discretion, which have been vested by statute in the municipal corporation. *Big Sandy School District No. 100–J v. Carroll,* 164 Colo. 173, 433 P.2d 325 (1967). The power to terminate the employment of school district personnel has been expressly vested in each school district's board of education. Section 22–32–110(1)(h), C.R.S.; *Blair v. Lovett,* 196 Colo. 118, 582 P.2d 668 (1978). A board may not delegate the authority to discharge principals and teachers because these personnel are involved in the teaching and management of education. *Big Sandy, supra; Willis v. Widefield School District,* 43 Colo.App. 197, 603 P.2d 962 (1979).

However, a board may delegate to subordinate officers powers and functions which are ministerial or administrative in nature, when a fixed and certain standard has been established which leaves little or nothing to the discretion or judgment of the subordinate. *Big Sandy, supra.* Because "classified personnel" here are not actively engaged in the management or furtherance of education, employment decisions regarding them often do not require the same discretionary decision-making inherent in the area of education. Thus, the board was entitled to delegate the authority to hire and fire such personnel if it had established fixed and certain standards for making such decisions.

Defendants contend that a statutory change giving the board a specific duty to

hire and a specific power to dismiss, as set forth in § 22–32–109(1)(f) and § 22–32–110(h) C.R.S., expresses a clear legislative intent to separate those "duties" which must be determined by the board (hiring) from those "powers" which may be delegated (dismissal). Previously, C.R.S.1963, 123–10–19, did not distinguish between powers and duties and included both employment and discharge in the same subsection. Defendants argue that because the present statutory construction distinguishes "duties" from "powers," the General Assembly has expressed its intent to make delegable those functions classified as "powers." We do not agree that the statute has such meaning.

Although *Big Sandy* was decided under C.R.S.1963, 123–10–19, and therefore contained language emphasizing "duties," the Supreme Court determined in *University of Colorado v. Silverman*, 192 Colo. 75, 555 P.2d 1155 (1976), that it was not the "duty" language in § 123–10–19 that was determinative in *Big Sandy*, but the distinction between powers which are legislative or judicial and those which are ministerial or administrative. Furthermore, an examination of § 22–32–110 reveals a number of "powers," the exercise of which would involve considerable judgment and discretion, and which would not be delegable.

Therefore, we hold that the board may delegate the authority to discharge "classified personnel," such as the employee here, to the superintendent or the director of business services, but only if such delegation is accompanied by specific standards which leave little or nothing to the discretion or judgment of the subordinate.

 Here, there is an unresolved factual question whether any standards were prescribed by the board, and there is a legal question as to the sufficiency of the standards. Therefore, the record does not support the court's determination that, as a matter of law, the board lawfully delegated to Lemons the authority to discharge employee. Thus, entry of a summary judgment for defendants was error, and for the same reason, employee was not entitled to a summary judgment.

The judgment is reversed and the cause is remanded for further proceedings.

STERNBERG and BABCOCK, JJ., concur.