**Rodger LACY, individually, Plaintiff–Appellee,**

v.

**ROTATING PRODUCTIONS SYSTEMS, INC., a New Mexico corporation and John Larry Land, individually, Defendants–Appellants.**

No. 97CA0076.

Colorado Court of Appeals, Div. I.

June 25, 1998.

Cooksey, Cooksey & Hyland, P.C., John T. Hyland, Michael G. Cooksey, Denver, for Plaintiff–Appellee.

Lowe, Meyer, LLC, James A. Lowe, Englewood, for Defendants–Appellants.

Opinion by Judge KAPELKE.

Defendants, Rotating Production Systems, Inc., (RPS) and John Larry Land, appeal the judgment entered by the trial court rescinding the patent assignment made by plaintiff, Rodger Lacy, to RPS. Land also appeals the judgment in favor of Lacy on Land's counterclaim against him for breach of an alleged loan agreement. We reverse the judgment allowing rescission and affirm the judgment on the counterclaim.

In May 1991, RPS was incorporated to exploit the potential of inventions designed to rotate oil well tubing under tension. A reliable system for rotating well tubing under

tension was achieved in what was described as the "tubing anchor catcher with rotating mandrel" (anchor catcher). A patent application for the anchor catcher was filed in May 1992 as a continuation, in part, of the "tubing rotator with downhole swivel" (swivel) invention. Land applied for both patents, initially identifying himself as the sole inventor.

In August 1993, Land and Lacy, who at that time was president and a minority shareholder of RPS, executed a verified statement of facts for submission to the Patent and Trademark Office. In the statement, both affirmed under oath that Lacy was a co-inventor of the anchor catcher. They also executed an assignment of their respective rights in the anchor catcher patent to RPS for "ten dollars and other good and valuable consideration."

Land terminated Lacy's employment with RPS in December 1993. Lacy then filed this action for rescission of the assignment to RPS of his rights in the anchor catcher patent. Land filed a counterclaim alleging that Lacy was in default on a loan he had received from Land.

Following a bench trial, the court determined that there had been no meeting of the minds between Lacy and RPS as to the meaning of the material phrase "other good and valuable consideration" in the written assignment. The court therefore concluded that the assignment was void. Additionally, the court held that, in the absence of an enforceable agreement to the contrary, Lacy had no legal duty to assign the patent to RPS. The court also held in favor of Lacy on Land's counterclaim.

## I.

■ RPS contends that Lacy had a legal duty as an officer of the corporation to assign the patent for the anchor catcher to RPS and that the trial court, therefore, erred in invalidating the assignment. We agree.

■ An officer of a corporation has a fiduciary duty to act in good faith and in a manner reasonably believed to be in the best interests of the corporation and all its shareholders. See *Michaelson v. Michaelson*, 939

P.2d 835 (Colo.1997); *Cloud v. Ass'n of Owners*, 857 P.2d 435 (Colo.App.1992). Whether, and under what circumstances, such a duty includes an obligation to assign patent rights to the corporation, however, is an issue of first impression in Colorado.

In *Julius Hyman & Co. v. Velsicol Corp.*, 123 Colo. 563, 233 P.2d 977 (1951), the supreme court suggested in dictum that an employee having a fiduciary relationship with his corporate employer would be legally obligated to assign any patent applications that were based upon discoveries, formulas, or products made while employed by the corporation.

Courts in other jurisdictions have determined that an officer or director's fiduciary duty does include the obligation to assign patents to the corporation if the officer invented the subject matter of the patent while employed by the corporation and the invention relates to the business of the corporation. See *Kennedy v. Wright*, 676 F.Supp. 888 (C.D.Ill.1988); *Great Lakes Press Corp. v. Froom*, 695 F.Supp. 1440 (W.D.N.Y.1987); *Davis v. Alwac International, Inc.*, 369 S.W.2d 797 (Tex.Civ.App.1963)(corporate officer and director who was named as co-inventor on patent application had fiduciary duty to assign patent to corporation because the invention was related to the business and was developed while he occupied a fiduciary position with the corporation).

In *Great Lakes Press Corp. v. Froom, supra*, the defendant was hired as vice-president of sales and was later promoted to president and chief executive officer of the corporation. The court concluded that, by virtue of his position, and because he led the corporation to believe that the work done on his invention was being done for and would belong to the company, the defendant had a fiduciary duty to assign to the corporation his rights in the invention that he had developed during his tenure.

Here, as in *Froom*, Lacy was initially hired as an officer of the corporation. He was named vice-president of marketing and was later promoted to president. At trial, Lacy testified that he "was given RPS to run, to reorganize, to set up the manufacturing and

to do anything that we could to reduce our manufacturing cost."

Significantly, Lacy testified that all the work he had done on the anchor catcher had been for the benefit of RPS. Lacy's initial drawings for the anchor catcher either bore the name RPS or were prepared on RPS letterhead. RPS paid all expenses relating to the development and manufacture of the anchor catcher, and Lacy represented to others that RPS owned the rights to it.

In light of Lacy's position with RPS and his own assertions that the anchor catcher was developed for the benefit of RPS, and because the anchor catcher was manufactured and designed at RPS' expense, Lacy had a fiduciary duty to assign to RPS the patent for the anchor catcher. *See Kennedy. v. Wright, supra* (inventor, who was the president, treasurer, and chairman of the board of his employer, had fiduciary duty to assign patent because of his position in the company, because he used company time and money to build and patent the invention, and because he treated the patents as if the business owned them). *See also Great Lakes Press Corp. v. Froom, supra; Davis v. Alwac International, Inc., supra; Michaelson v. Michaelson, supra.*

In concluding that Lacy had no legal duty to assign his rights in the anchor catcher to RPS, the trial court here relied on *Hewett v. Samsonite Corp.*, 32 Colo.App. 150, 507 P.2d 1119 (1973). In *Hewett,* a division of this court invalidated an employee's patent assignment to his employer on the basis of a failure of consideration and concluded that, in the absence of any agreement, the company had no right to the inventions or patents. Unlike Lacy, however, the employee in *Hewett,* who was a shop foreman rather than a corporate officer, may not have owed the same high duty of loyalty to the corporation. *See Jet Courier Service, Inc. v. Mulei,* 771 P.2d 486, 503 ("[T]he duty of loyalty and the test for a breach of that duty may well be different if the employee is not an agent." (Mullarkey, J., concurring)) Thus, *Hewett* is distinguishable from the present case. In addition, there is no indication in the *Hewett* opinion that the issue of breach of fiduciary duty was even raised or considered.

Accordingly, we conclude that the trial court erred here in holding that Lacy had no duty to assign the patent rights to RPS and in invalidating the assignment. Further, because Lacy was an officer of RPS and acknowledged in his own testimony that his work on the anchor catcher invention was done for the benefit of the corporation and at its expense, we conclude that reversal without any remand is appropriate.

## II.

Land contends that the trial court erred in ruling against him on his counterclaim against Lacy because it improperly failed to consider the testimony he gave in support of his claim. We disagree.

█ The credibility of witnesses, sufficiency, probative effect, and weight of the evidence, as well as any inferences and conclusions to be drawn from the evidence, are all within the province of the trial court when it sits as the trier of fact. Its factual findings will not be set aside on appeal if they are supported by competent evidence in the record. *Kincaid v. Western Operating Co.,* 890 P.2d 249 (Colo.App.1994).

█ Here, competent evidence exists in the record to support the trial court's finding that the monies paid to Lacy represented payment for expenses rather than a loan, as contended by Land. Therefore, we will not disturb those findings on review.

In light of our disposition, we need not address the parties' other contentions.

The judgment of the trial court rescinding the patent assignment by Lacy is reversed. The judgment on the counterclaim is affirmed.

METZGER and JONES, JJ., concur.