Lori LAZUK, Plaintiff–Appellant,

v.

SCHOOL DISTRICT NO. 1, CITY AND COUNTY OF DENVER, Board of Education, School District No. 1, City and County of Denver, and its members Susan Edwards, Laura Lefkowits, Bennie Milliner, Rita Montero, Elaine Gantz Berman, Sharon MacDonald, Lester Woodward, and Denver Classroom Teachers Association, Defendants–Appellees.

No. 99CA1689.

Colorado Court of Appeals, Div. III.

Oct. 26, 2000.

Certiorari Denied May 14, 2001.

Larry F. Hobbs, P.C., Larry F. Hobbs, Denver, CO, for Plaintiff–Appellant.

Semple, Miller and Mooney, P.C., Patrick B. Mooney, Elizabeth J. Hyatt, Denver, CO,

for Defendants–Appellees School District No. 1, Susan Edwards, Laura Lefkowits, Bennie Milliner, Rita Montero, Elaine Gantz Berman, Sharon MacDonald, and Lester Woodward.

Colorado Education Association, Martha R. Houser, Gregory J. Lawler, Cathy Cooper, Sharyn E. Dreyer, Bradley C. Bartels, Denver, CO, for Defendant–Appellee Denver Classroom Teachers Association.

Opinion by Judge NEY.

Plaintiff, Lori Lazuk, appeals from the trial court's judgment entered in favor of the defendants: School District No. 1; the school district's Board of Education (school board) and its individual members; and the Denver Classroom Teachers Association. We affirm.

Plaintiff, a schoolteacher, is employed by School District No. 1, and was assigned to George Washington High School. In the fall of 1997, a new principal started at the school. Throughout the 1997/98 and 1998/99 school years, plaintiff made it clear that she was unhappy with the leadership provided by the new principal. In March of 1999, the principal notified plaintiff that he was recommending her for an administrative transfer to another high school within the school district. Ultimately, plaintiff was transferred, and she began teaching at another high school for the 1999/2000 school year.

Plaintiff subsequently filed a complaint against the defendants in which she sought relief in the nature of mandamus, injunctive relief, and declaratory relief. The trial court denied plaintiff's requests for mandamus and for preliminary injunction.

By stipulation of the parties, the injunction hearing was then consolidated with the trial of the action on the merits. On September 14, 1999, the trial court entered final judgment in favor of defendants. This appeal followed.

## I.

Plaintiff first argues that the trial court erred in denying her relief in mandamus, because the law mandates that she may be involuntarily transferred only by action of the school board. Because her transfer was not acted upon by the school board, plaintiff contends that she was entitled to mandamus relief requiring the school district to reassign her to "her rightful position at George Washington High." We disagree.

A writ of mandamus is appropriate to compel a governmental body to perform an official act specifically required by law. C.R.C.P. 106(a)(2). Mandamus is appropriate when: (1) a plaintiff has a clear right to the relief sought; (2) the agency has a clear duty to perform the act requested; and (3) no other adequate remedy is available to the plaintiff. *McIntosh v. Board of Education of School District No. 1*, 999 P.2d 224 (Colo. App.2000).

Mandamus is an extraordinary remedial process which is awarded not as a matter of legal right, but in the exercise of sound judicial discretion. *Sherman v. Colorado Springs Planning Commission*, 763 P.2d 292 (Colo.1988). "The exercise of jurisdiction in an original proceeding in the nature of mandamus is discretionary and is governed by the circumstances of the case." *McConnell v. District Court*, 680 P.2d 528, 530 (Colo.1984).

## A.

Initially, plaintiff contends that, pursuant to § 22–63–206(1), C.R.S.2000, she may not be transferred without the action of the school board. Section 22–63–206(1) provides that:

A teacher may be transferred upon the recommendation of the chief administrative officer of a school district from one school, position, or grade level to another within the school district, if such transfer does not result in the assignment of the teacher to a position of employment for which he is not qualified by virtue of academic preparation and certification and if, during the current school year, the amount of salary of such teacher is not reduced.... There shall be no discrimination shown toward any teacher in the assignment or transfer of that teacher to a school, position, or grade because of sex,

race, creed, color, or membership or non-membership in any group or organization.

This statute does not expressly require a school board to act on teacher transfers. In essence, plaintiff argues that because the statute authorizes transfers "upon the recommendation of the chief administrative officer," and the chief administrative officer of a school district reports to the school district's board of education, the statute implies that the school board itself must act to effectuate a teacher transfer.

■■■ Our task in construing a statute is to ascertain and give effect to the legislative purpose underlying it. To determine legislative intent we look first to the plain language, and "we must choose a construction that serves the purpose of the legislative scheme, and must not strain to give language other than its plain meaning, unless the result is absurd." *City of Westminster v. Dogan Construction Co.*, 930 P.2d 585, 590 (Colo.1997).

■■■ We conclude that the purpose of the statute, when read in its entirety, is to prevent teachers from being transferred: 1) to teaching positions for which they are not qualified; 2) for reductions in pay; and 3) as acts of discrimination. The statute serves to protect the integrity of the educational process and avoid discrimination. *See, e.g., Christie v. San Miguel County School District R–2(J)*, 759 P.2d 779, 781–82 (Colo.App. 1988) (the statutory intent was to make the transfer of teachers discretionary "if the positions are within the teacher's preparation and certification").

A fair reading of the statute is that it does not grant exclusively to the school board the authority to transfer a teacher between schools, positions, or grade levels. *See, e.g.,* § 22–32–109.1, et seq. & § 22–32–110, C.R.S. 2000 (defining the specific powers and duties granted from the legislature to the school districts).

The statute is not limited to transfers from one school to another. It also applies to all transfers of teaching assignments. Thus, under plaintiff's interpretation of the statute, the school board would be required to authorize each transfer of a teacher to a different teaching position, subject, or grade level.

For example, school board approval would be required to authorize a teacher to teach second grade after the teacher had previously taught third grade. We decline to read such a requirement into the statute and, therefore, reject her contention. *See Fremont Re–1 School District v. Jacobs*, 737 P.2d 816 (Colo. 1987) (recognizing that as school organizations have grown in size, and as their functions have become more diverse and complex, the need for administrative delegation has become all the more imperative).

### B.

■■ Plaintiff also asserts that the school board cannot delegate the power to transfer a teacher. and, therefore, the collective bargaining agreement entered into by the school district and the teachers' association, which provides for teacher transfers without school board approval, is invalid. *See Littleton Education Ass'n v. Arapahoe County School District, No. 6*, 191 Colo. 411, 417, 553 P.2d 793, 797 (1976)(noting that collective bargaining agreements "must not conflict with existing statutes concerning the governance of the state school system").

Plaintiff's transfer was effectuated pursuant to the administrative transfer provision of the collective bargaining agreement. That provision states that principals may recommend the administrative transfer of a teacher, and that such recommendations "must be reviewed and approved by the respective Assistant Superintendent and Assistant Chief Operating Officer/Human Resources."

Plaintiff's reliance on dicta in *Frank v. Arapahoe County School District No. 6*, 31 Colo.App. 479, 506 P.2d 373 (1972), is misplaced. There, a division of this court stated that "the Board could not delegate the power of deciding whether or not Plaintiff was to be transferred. . . ." *Frank v. Arapahoe County School District No. 6, supra*, 31 Colo.App. at 483, 506 P.2d at 375. However, the authority of the school board to transfer a teacher was not an issue in *Frank*, as the school board had, in fact, approved the transfer in that case. Therefore, the language relied upon by plaintiff is dictum and is not controlling here. *See Main Electric, Ltd. v. Printz Ser-*

*vices Corp.,* 980 P.2d 522 (Colo.1999)(dictum is not controlling precedent).

Plaintiff further argues that the school board cannot delegate the power to transfer a teacher because such power is legislative or judicial in nature. The general rule is that a school district may delegate subordinates powers and functions which are ministerial or administrative in nature, where there is a fixed and certain standard or rule which leaves little or nothing to the judgment or discretion of the subordinate. In contrast, legislative or judicial powers, which involve judgment and discretion on the part of the municipal body, and have been vested by statute, may not be delegated. *Big Sandy School District No. 100–J v. Carroll,* 164 Colo. 173, 433 P.2d 325 (1967), *overruled on other grounds, Normandy Estates Metropolitan Recreation District v. Normandy Estates, Ltd.,* 191 Colo. 292, 553 P.2d 386 (1976).

In *Big Sandy School District No. 100–J v. Carroll, supra,* the supreme court concluded that the power to employ or discharge teachers is exclusively vested in the school board, and could not be delegated because the then applicable statute provided that the school board "shall have the power, and it shall be [its] duty ... [t]o employ or discharge teachers...." Section 123–10–19, C.R.S.1963. *See also University of Colorado v. Silverman,* 192 Colo. 75, 555 P.2d 1155 (1976) (regents could not delegate the power to terminate an assistant professor); *Norton v. School District No. 1,* 807 P.2d 1160 (Colo.App.1990)(the duty of hiring teachers is not delegable by the board); *Watson v. Eagle County School District RE–50,* 797 P.2d 768 (Colo.App. 1990).

In *Fremont Re–1 School District v. Jacobs, supra,* the supreme court concluded that a school board could delegate the power to dismiss a school bus driver. The court first determined that the powers and duties granted to school boards by the legislature in §§ 22–32–109 & 22–32–110, C.R.S.2000, do not define the scope of delegable functions. Rather, the test is whether the function is a policy-making duty, such as "the power to hire teachers and fix their wages and the power to dismiss them," *Fremont Re–1 School District v. Jacobs, supra,* 737 P.2d at 820, or an administrative function subject to delegation.

Although delegation in *Fremont* gave the authority to dismiss "at will" and, ordinarily, such a broad delegation of discretion might run afoul of the administrative delegation rule, the court determined that the standards were sufficient to allow delegation of the authority to discharge the non-teaching employee. *Fremont Re–1 School District v. Jacobs, supra.*

In *Wheeler v. School District No. 20,* 188 Colo. 262, 535 P.2d 206 (1975), the supreme court determined that the power to re-assign a principal to a teaching position was delegable. In that case, the school board acted to relieve the petitioner of his administrative position, but the superintendent of schools reassigned him to a teaching position. Because the statute limited the discretion in assigning the teacher "to a teaching position for which he is qualified ... if a vacancy exists in such a position," § 22–63–114, C.R.S.1973, the court concluded [t]he discretion granted to the superintendent was not overly broad, but was merely administrative in nature. *Wheeler v. School District No. 20, supra,* 188 Colo. at 267, 535 P.2d at 209.

Here, as in *Wheeler,* the statute limits the discretion to transfer a teacher to assignments for which the teacher is "qualified by virtue of academic preparation and certification and if, during the current school year, the amount of salary of such teacher is not reduced...." It also prohibits discriminatory transfers. Section § 22–63–206(1).

Therefore, we conclude that the school board may delegate the power to transfer a teacher because such function is administrative in nature, as it does not function as a policy-making duty, and the discretion granted is limited by statute. *See also Kreith v. University of Colorado,* 689 P.2d 718 (Colo.App.1984)(although the board of regents must appoint and remove professors, acceptance of resignation and retirement is delegable); *Frank v. Arapahoe County School District No. 6, supra* (assignment of administrative details, such as buildings and classrooms consistent with position for which the teacher is qualified, is a delegable duty).

Therefore, by adopting the collective bargaining agreement as board policy, the school board exercised its authority to delegate the authorization to transfer teachers. *See* 22–32–109(b), C.R.S.2000 (authorizing boards of education to "adopt policies and prescribe rules and regulations necessary and proper for the efficient administration of the affairs of the district").

## C.

Because we conclude that § 22–63–206(1) does not require school board action on teacher transfers, and that the school board properly delegated the power to transfer teachers when it adopted the collective bargaining agreement, we also conclude that plaintiff did not have a clear right to the relief sought. Therefore, the trial court did not abuse its sound judicial discretion in denying her mandamus relief. *See Sherman v. City of Colorado Springs Planning Commission, supra.*

## II.

■ Plaintiff also contends that the trial court erred in failing to consider an arbitration determination made in the case of another transferred teacher. We perceive no error.

The evidence proffered by plaintiff, which is not part of the record on appeal, related to the grievance of a teacher, from another high school, who had also been administratively transferred after receiving a notice of transfer letter containing language similar to that in plaintiff's letter.

The court here ruled that the other teacher's grievance was not at issue in plaintiff's case and, therefore, that such evidence was irrelevant to a determination of plaintiff's claims.

Pursuant to CRE 401, evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." The transfer of a different teacher, by a different principal at a different high school, does not impact the determination of whether this plaintiff was improperly transferred.

Therefore, we conclude that the trial court did not abuse its discretion in excluding the offered evidence. *See Quigley v. Jobe,* 851 P.2d 236 (Colo.App.1992)(a trial court is vested with broad discretion in determining whether evidence is relevant).

## III.

■ Finally, plaintiff argues that the trial court erroneously concluded that she was transferred because she "bad-mouthed" her principal, when the record indicates that she was transferred because she expressed, through her committee activities, a lack of confidence in the principal's leadership. As such, plaintiff contends that she was entitled to injunctive relief because the court's finding of fact is without support in the record. We again disagree.

In her complaint, plaintiff sought an injunction preventing her transfer, claiming that she was transferred solely because of her involvement in committees that were critical of the principal. She asserted that such transfer was discriminatory and in violation of § 22–63–206(1)(prohibiting the transfer of a teacher because of "membership or nonmembership in any group or organization").

The trial court held that plaintiff had not proven, by a preponderance of the evidence, that she was transferred because of her committee activities. Rather, the court found that she was transferred because she was not getting along with the principal. The court specifically found that the reasons for plaintiff's transfer "were those reasons [which were not based on plaintiff's committee activities] testified to by the principal."

Our review of the record reveals competent support for this finding of fact. *See Lacy v. Rotating Productions Systems, Inc.,* 961 P.2d 1144 (Colo.App.1998)(when a court is the finder of fact, its findings will not be set aside on appeal if they are supported by competent evidence in the record). Thus, plaintiff can not succeed on her claim of discriminatory transfer.

We therefore conclude that the trial court did not abuse its discretion in denying plaintiff's request for preliminary injunction. *See Board of County Commissioners v. Fixed Base Operators, Inc.*, 939 P.2d 464 (Colo.App. 1997)(a trial court's ruling on a request for preliminary injunction will be overturned only if it is manifestly unreasonable, arbitrary, or unfair).

Judgment affirmed.

KAPELKE and DAILEY, JJ., concur.